CLAUDE DeMoss, administrator of estate of IDA MARY DeMoss, appellant, v. EARL T. WALKER et al., appellees.

No. 47856.

(Reported in 48 N.W.2d 811)

JULY 10, 1951.

Doran, Doran, Doran & Erbe, of Boone, and Eugene R. Melson, of Jefferson, for appellant.

O. W. Harris, of Jefferson, for Earl T. Walker and Eva Walker, appellees.

Charles E. Hird, of Jefferson, for Philip Sullivan, appellee.

MULRONEY, J.—The questions involved in this appeal are limited to the correctness of the instruction on damages and the adequacy of the verdict. Plaintiff, as administrator of his mother's estate, recovered a judgment of $100 against the Walkers as damages for the death of intestate, who died as a result of the alleged negligent operation of the Walker car. Plaintiff appeals, and the errors assigned are: (1) that the court erred in instructing the jury on the matters to be considered in arriving at the amount of their verdict and (2) the amount of the verdict was grossly inadequate. These were two grounds in plaintiff's motion for new trial which the trial court overruled.

Decedent was seventy-seven years old at the time of her death on June 11, 1949. She and her husband had drawn old-age pension since 1945. Her husband died in 1947 and thereafter decedent drew old-age pension until her death. The old-age pension was all that either decedent or her husband had to live on. She lived alone in an apartment in Jefferson. She had eleven children, of whom nine lived to maturity, and six of her children were living at the time of her death. The record shows a total payment to deceased and her husband in the form of old-age assistance in the sum of $3582. Deceased was in good health and an active woman for her age at the time of her death.

Section 613.11, Code, 1950, in defining the damages recoverable because of the wrongful or negligent injury or death of a woman, provides in part as follows: "In addition she, or her administrator for her estate, may recover * * * the value of her services as wife, or mother, or both, as the case may be, in such sum as the jury deems proper * * *."

The trial court gave the usual instruction to the effect that the measure of recovery would be the reasonable present value of the life of decedent to her estate; the present worth of the amount decedent would reasonably be expected to save and accumulate by her efforts if she had lived out her natural life. The plaintiff's requested instruction, which was refused, would add to the mea-

sure as given: "the present worth or value of that amount, if any, which under all the circumstances disclosed in evidence you believe the said Ida May DeMoss's services as a mother would amount to."

I.   The two assigned errors are argued together in a single division in plaintiff's brief. We do not understand that plaintiff argues in support of this assigned error that the instruction as given states an erroneous measure to be applied in suits by personal representatives for the wrongful death of their decedents. The first argument is that under the statute and under the evidence, in this case the jury should have been told they could consider not only the pecuniary loss to decedent's estate by her untimely death but also *her services as a mother,* in arriving at their verdict.

The record shows decedent was the mother of adult children, all of whom had established homes of their own, at the time of her death. She had a life expectancy of between five and six years. A married daughter testified that when her mother came to her home she would work in the garden; that decedent had worked in her garden two weeks before her death.

The statute giving the administrator of a woman's estate the right to recover for the value of her services as a mother, in a suit for her wrongful or negligent death, must mean the value of those services which the evidence shows were rendered by the woman in her capacity as a mother, such as the usual services a mother renders in her home where her children live. Bridenstine v. Iowa City Elec. Ry. Co., 181 Iowa 1124, 1134, 1135, 165 N.W. 435, 439. Perhaps in a proper case it could include services rendered as a mother of adult children and it might include services rendered outside her home and in the homes of her children. We need not decide. It is enough to say that under this record there was no evidence of services rendered by decedent as a mother.

Much authority can be found for this interpretation in those jurisdictions where, by statute, the children are given a right of action for the wrongful or negligent death of a parent. Here the universal rule is that the law implies damages to minor children, but adult children must prove their pecuniary loss. 25 C. J. S., Death, section 118. In such cases adult children are not entitled

to recover on the basis of their relationship alone. South Texas Coaches v. Eastland, Tex. Civ. App., 101 S.W.2d 878, and cases there cited; Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549. An adult child's occasional receipt of services from his mother furnishes insufficient proof that he was damaged by her death. Gaydos v. Domabyl, supra.

In the Bridenstine case we discounted evidence of neighbors as to the monetary value of deceased's services as a "wife and mother." There we said:

"The services of a competent wife or mother cannot be weighed in the scales of the money-changer. And indeed it would seem almost frivolous to call witnesses to estimate their monetary value."

The opinion in the Bridenstine case does not show the ages of the children or whether they all resided in the mother's home. But there the deceased was a wife, and the opinion states she was "about 64 years of age, the mother of several children, a good and efficient housekeeper * * *." The statute is only discussed in the Bridenstine case on the question of whether the verdict there rendered was excessive, but we said that the language of the statute meant the amount of recovery could include the value of the services deceased rendered "in the discharge of her domestic duties, not only as a laborer performing menial service, but also as the housewife and head and administrator of the internal affairs of her home."

The record here shows that deceased rendered no services as a mother in her home. She lived alone and, as stated, all of her children had established homes of their own. It merely shows a relationship of mother and adult children. It does not show deceased was performing any services as a mother at the time she died. We hold that under such a record the trial court was right in not submitting as an element of damages the value of deceased's services as a mother.

II. As we have stated, the second assigned error—the inadequacy of the verdict—is argued with the first. As we pick out the argument to support the second assigned error, in the single argument presented it appears to be as follows: the verdict is

inadequate because our rule of damages in a suit for wrongful or negligent death is wrong and out of date. The argument is that the measure of damages or the present worth of the amount decedent would reasonably be expected to save and accumulate if he lived out his normal life permits little or no recovery for the death of elderly people who have no earning capacity. In other words, the plaintiff does not argue the verdict was inadequate under the above measure of damages which the trial court submitted, but, plaintiff argues, the measure of damages permitted an inadequate verdict. If it be thought the argument is pertinent to the error assigned there is no merit in it.

██ The right of action for the death of another was unknown at common law. It is an action created by statutes in England (Lord Campbell's Act, 1846) and in all of the states in the United States. These statutes either preserve to the personal representative of deceased the action he would have if he lived or create a new right of action to certain near relatives. It is a limited right of action and the method of determining damages is not uniform in all of the states. The two general rules followed in almost all states are that the recovery shall be measured by what the decedent might have expended on his heirs or what he would have saved had he lived out his normal expectancy. Restatement (1948 Supplement) Torts, section 925. Iowa follows the latter rule, but under the other rule there would be little or no recovery for the death of an elderly person with no accumulations and no earning capacity. Such statutes are not punitive and they do not permit recovery on the mere proof of culpability of the defendant in a suit for wrongful or negligent death—unless the statute so states. 25 C. J. S., Death, section 20; Restatement (1948 Supplement) Torts, section 925. They are remedial and allow recovery for a loss sustained by the decedent's estate or his next of kin. In Armbruster v. Chicago, R. I. & P. Ry. Co., 166 Iowa 155, 163, 147 N.W. 337, 340, we held: "Only compensatory damages as a consequence of wrongful death are recoverable in Iowa."

Neither the next of kin nor the representative of the estate can recover from the defendant on the basis of sentiment or solace for grief or for loss of society.

██ Plaintiff's argument that the verdict is inadequate because of the measure by which it is determined is, in effect, an

argument that the next of kin should be given punitive damages. The above cited section of the Restatement, Torts, states (page 642) that the statutes of two states permit punitive damages. See Armbruster v. Chicago, R. I. & P. Ry. Co., supra, where cited cases indicate punitive damages are allowed under Missouri and Connecticut statutes. Until the legislature provides for similar allowance in this state the administrator for one negligently or wrongfully killed can only recover from the wrongdoer on the basis of the loss sustained by deceased's estate. Plaintiff does not argue the verdict would be inadequate to compensate decedent's estate for the pecuniary loss resulting from her untimely death.— Affirmed.

OLIVER, C.J., and BLISS, GARFIELD, WENNERSTRUM, SMITH, MANTZ, HAYS, and THOMPSON, JJ., concur.