MARY C. FITZGERALD, executrix of estate of Bridget McCarthy, deceased, appellant, v. DR. A. E. HALE, appellee.

No. 48964.

(Reported in 78 N.W.2d 509)

S<span>EPTEMBER</span> 18, 1956.

Robert H. Shepard and Mason & Stone, all of Mason City, for appellant.

Westfall, Laird & Burington and James R. Heiny, all of Mason City, for appellee.

O<span>LIVER</span>, J.—This action was instituted by the executrix of the will of Bridget McCarthy, deceased. The petition alleges decedent suffered personal injuries, caused by defendant's negligence, by falling against a step in defendant's laboratory September 29, 1954, from which injuries decedent was recovered by January 1955, but, in April 1955, died from a cause not related thereto. The damages prayed were (a) $1556.29 for expense for medical services, hospitalization, etc., and (b) $7500 for pain and suffering attendant to the injuries, from September 29 through January. Upon motion of defendant the trial court struck the part of the petition asking damages for decedent's pain and suffering. From this order we granted an appeal and plaintiff has appealed.

Although this is not an action for damages for wrongful death, it is so related to such actions that its determination requires the consideration of the statutes and doctrines governing them. At common law there was a right of action for damages, for personal injury, but the death of plaintiff, pending the

suit, abated the same. There was no right of action for the recovery of damages for a wrongful death. In 1846 the rule as to wrongful death was changed in England by Lord Campbell's Act, which created a new cause of action for wrongful death. That act provides such action shall be brought by the executor or administrator of deceased for the benefit of the wife, husband, parent and child, and the jury may give such damages as they may think proportioned to the injury of such respective persons resulting from such death. With reference to such acts, M'Coullough v. Chicago, R. I. & P. Ry. Co., 160 Iowa 524, 528, 142 N.W. 67, 70, 47 L. R. A., N. S., 23, states: "The cause of action is based, not upon the injury to the deceased, but upon the fact of his death by wrongful act of the defendant." Acts similar to Lord Campbell's Act were adopted in most of the United States. Such acts are called death acts or wrongful-death acts.

However, Iowa and several other states changed the common-law rule by statutes which did not create a new cause of action but provided for the survival of existing causes of action. These are known as survival acts. In Iowa legislation on the subject appeared in the Code of 1851, and, despite various amendments, the statutes have always retained the survival principle.

██ Although wrongful-death acts are applicable only where the death results from the effect of the wrongful act, survival acts generally apply also to cases where the injured person dies from an unrelated cause, as in the case at bar. Many states with wrongful-death statutes have adopted survival acts also. Other statutes covering special situations or occupations have been enacted in various states. The pertinent statutes in Iowa, now appearing in the Code of 1954, are as follows:

"611.20 Actions survive. All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same.

"611.21 Civil remedy not merged in crime. [Not here important.]

"611.22 Actions by or against legal representatives—substitution. Any action contemplated in sections 611.20 and 611.21 may be brought, or the court, on motion, may allow the action

to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived. * * *.

"635.9 Damages for wrongful death. When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a husband, wife, child, or parent, it shall not be liable for the payment of debts."

Wood v. Wood, 136 Iowa 128, 132, 113 N.W. 492, 12 L. R. A., N. S., 891, 125 Am. St. Rep. 223, states these statutes should be liberally construed, so as to permit the substitution of the representative of the deceased litigant in his place and that the manifest object of the section (now 611.22) is to render available to such representative all the remedies to which the litigant, had he lived, might have resorted. Dille v. Plainview Coal Co., 217 Iowa 827, 828 to 841, 250 N.W. 607, holds the term, "causes of action", in the clause in section 611.20 "all causes of action shall survive" is used in a broad sense.

Our decisions agree the Iowa legislation is a survival act, but in interpreting it they divide actions for wrongful death into two classes or groups. In one group are actions for damages for wrongful injury, commenced by the injured person, and, after his death, continued by his legal representative. Our decisions in these cases (in which the death resulted from the injuries) hold the survival act preserves to the legal representative, the original cause of action, and enlarges the elements of damages to include the wrongful death. Muldowney v. Illinois Central Ry. Co., 36 Iowa 462, 468; Dice v. Johnson, 198 Iowa 1093, 1102, 199 N.W. 346, 350. Statements in various other Iowa decisions support these holdings. In the second group are actions not commenced before the death of the injured person but instituted by his administrator or executor after such death. Among such cases are: Donaldson v. The Mississippi & Missouri R. Co., 18 Iowa 280, 290, 87 Am. Dec. 391; Dwyer v. Chicago, St. Paul & O. Ry. Co., 84 Iowa 479, 483, 484, 51 N.W. 244, 35 Am. St. Rep. 322; Kinser v. Soap Creek Coal Co., 85 Iowa 26, 31, 51

N.W. 1151; Union Mill Co. v. Prenzler, 100 Iowa 540, 69 N.W. 876; Flynn v. Chicago Great Western R. Co., 159 Iowa 571, 574, 141 N.W. 401, 45 L. R. A., N. S., 1098; Boyle v. Bornholtz, 224 Iowa 90, 93, 275 N.W. 479. See also Van Wie v. United States, 77 F. Supp. 22, 47, 48 and citations.

In actions in the second group this court has held the element of pain and suffering does not survive. In effect, the statutory language *all causes of action shall survive* is interpreted to mean merely *all actions shall survive*. The effect of the rule thus formulated is that whether recovery for pain and suffering is barred depends wholly upon whether the action was started after or before death. It is apparent the results of this method of determining elements of damages will not be logical nor uniform and in some cases will be harsh. In the case before us the major element of damages was excluded by the order here on appeal.

Moreover, these holdings overlook a basic difference between death acts and survival acts. Death acts create, in favor of certain beneficiaries, an entirely new cause of action, distinct from and independent of any right of action decedent might have had during his lifetime or would have had if he had survived the injury. Under such acts the inquiry is as to the extent of damages sustained by the beneficiaries in consequence of the wrongful death, and the loss to deceased, or his pain and suffering, may not be considered. Under a survival statute the recovery is for such damages as deceased himself might have recovered had he survived the injury and brought the action, enlarged to include the wrongful death.

Seymour v. Richardson, 194 Va. 709, 715, 75 S.E.2d 77, 81, which involves a converse situation, refers to "the illogic of allowing damages for those elements [pain and suffering] in an action brought by the injured person and revived in the name of his personal representative, but not in an action for the same cause if brought originally by his personal representative." In Pezzulli v. D'Ambrosia, 344 Pa. 643, 647, 648, 26 A.2d 659, 661, it was contended certain elements of damages under a survival act (there was also a death act) were barred because action was brought after the death. The decision states the survival statute

merely continues in the legal representative the right of action which accrued to decedent; "the damages recoverable are measured by the pecuniary loss occasioned to him, and therefore to his estate, by the negligent act which caused his death. * * * Why, therefore, should there be any different measure of damages if, because of the severity of his injury and the consequent onrush of death, a writ is issued, let us say, a moment after, instead of a moment before, his death occurs? Why should the amount of damages which would have been recoverable by him be reduced by the death occasioned by his injuries, so that his cause of action, when assigned by act of law to his executor or administrator, is for a smaller recovery than it was when the right vested in him during his life? By providing that executors or administrators may commence and prosecute all personal actions which the decedent might have commenced and prosecuted, the act of 1937 clearly indicates that the actions thus commenced by executors or administrators are the same actions which their decedent might have commenced and prosecuted, and being the same actions they must, in the absence of legislative mandate to the contrary, be governed by the same measure of damages."

These propositions received detailed consideration in an article by Henry Craig Jones, Dean of the College of Law of State University of Iowa, entitled "Civil Liability for Wrongful Death in Iowa", in 10 Iowa Law Bulletin 169 and 11 Iowa Law Review 28. In 5 Drake Law Review 98 is an article by Lawrence E. Gardner entitled "Measuring Damages to the Estate in Wrongful Death Cases." An article in 39 Iowa Law Review 494 is entitled "The Measure of Damages for the Wrongful Death of the Head of the Family in Iowa."

The reason given by this court for the interpretation of the survival act as not permitting damages for pain and suffering in an action instituted by decedent's legal representative is that this is not an element of damages suffered by decedent's estate. That reasoning is based largely upon the premise that Code section 635.9 makes the injury to decedent's estate the measure of recovery in such actions. This section provides, merely, that damages recovered for a wrongful act which produces death shall be disposed of as personal property belonging to the estate, but

shall not be liable for debts, if the deceased leaves a spouse, child or parent. Hence, it does no more than fix some phases of the mode of distribution and does not have reference to the measure of damages. As stated in 11 Iowa Law Review 29: "It does not say that the injury to the estate is the measure of recovery. It merely makes the estate a conduit of payment to the distributees."

Section 611.22 provides for the bringing or continuing of such actions by legal representatives. Section 635.9 refers to damages recovered for a wrongful act which produces death and could not apply to this case because the alleged wrongful act did not produce the death. A circumstance inconsistent with the view that 635.9 affects the measure of recovery in any case is that, save for the exemption provision, the distribution of damages recovered is the same whether or not section 635.9 is applicable. Moreover, the language of 635.9 is "damages recovered" (for) "a wrongful act" (which) "produces death." The damages are those resulting from *the wrongful act* which produces death, *not for the death,* only.

The article in 5 Drake Law Review 98, 100, after observing that section 611.20 states all causes of action shall survive and 635.9 concerns only the distribution of the amount recovered, states that under the plain wording of the statute Iowa's legislation on the subject would seem to be a "true survival act", but a somewhat different interpretation has been applied by the court.

39 Iowa Law Review 494, 498, 499, states: " * * * the basic Iowa Statutes read as if they contemplate the survival of existing causes of action only, but they have been construed to include many of the features of a death act as well. The only other sections in the Iowa Code dealing with this subject refer to the manner of distribution and the parties who may bring the action. Nowhere is there any indication of a legislative attempt to spell out the measure of damages."

The article in 11 Iowa Law Review 28, 33 to 49 states the rule adopted by the Iowa Supreme Court is fundamentally different from the rule in the majority of states having similar survival statutes and apparently was a result of the failure of the court, in some early decisions, to appreciate the difference in principle between survival statutes and death acts.

Chase v. Fitzgerald, 132 Conn. 461, 467, 45 A.2d 789, 791,

792, 163 A. L. R. 247, which involves a similar survival statute, states: "Under our statute, differing from Lord Campbell's Act in England and statutes in this country of like purport, the cause of action 'which the executor or administrator is permitted to pursue is not one which springs from the death. It is one which comes to the representative by survival. The right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent.' [Citations] It is a necessary corollary that damages under our statute are not based upon any loss caused to the family or relatives of the deceased to whom any damages recovered are to be distributed under §4983 of the General Statutes. [Citations] As the cause of action comes to the executor or administrator by survival and is a continuance of that which the decedent could have asserted had he lived, the damages may include compensation for his pain and suffering while he lived * * *."

Kling v. Torello, 87 Conn. 301, 306, 87 A. 987, 988, 46 L. R. A., N. S., 930, states: "When one, as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death. [Citations] * * * The survival statute operates to transfer to the representative the right of action which the deceased had for his sufferings and disability during life, while the death enlarges his right of recovery by permitting an award of additional damages for the death itself as one of the harmful results of the wrongful act. * * * The new event [death] is not regarded as one which creates a cause of action, but one which has a bearing upon the award of damages."

Wilmot v. McPadden, 79 Conn. 367, 378, 65 A. 157, 161, 19 L. R. A., N. S., 1101, states: "The plaintiff, if entitled to recover at all, is entitled to recover damages on the same grounds, and measured by the same rule, as if the action had been brought by her intestate in his lifetime."

In addition to a death statute Florida has a survival statute, section 45.11, which recites certain actions shall die with the person; " 'all other actions shall and may be maintained in the name of the representatives of the deceased.' " Ake v. Birnbaum,

156 Fla. 735, 752, 25 So.2d 213, 222, an action by the representative for decedent's pain and suffering and expenses prior to death, states:

"We hold, therefore, * * * full redress for the wrong *done the injured person* may be obtained by the personal representative, in those cases where the injured person has not pursued his cause of action to final judgment; and this without regard to whether suit is or is not pending on the cause of action at the time of the injured person's decease. * * * Moreover, to fully settle the whole issue before us, we think it not inappropriate to observe that under section 45.11, supra, the cause of action of the decedent survives to the personal representative regardless of whether the death of the decedent is due to the injuries inflicted or arises from a cause wholly unconnected with the negligent conduct of the tort-feasor."

Delaware has a wrongful-death statute and also a statute which provides, " 'all causes of action * * * shall survive to and against the executors or administrators * * *.' " Coulson v. Shirks Motor Express Corp., 48 Del. 561, 567, 107 A.2d 922, 925, points out that the damages recoverable under the survival statute include pain and suffering from the time of the injury to the time of death. The decision states also: "Now since the deceased could have brought an action in his lifetime for the injuries sustained by him as set forth in the complaint, then why cannot his administrator commence and prosecute the same action under the provisions of Section 3701, aforesaid, regardless of whether death resulted from the injuries complained of or from some other independent cause?"

Ohio statutes provide for a wrongful-death action by the legal representative for the benefit of the surviving spouse, children and next of kin, and a survivor action by the legal representative for the benefit of decedent's estate. Fielder v. Ohio Edison Co., 158 Ohio St. 375, 378, 109 N.E.2d 855, 857, 35 A. L. R.2d 1365, 1369, states: "Under this [survivor] statute the courts of this state have consistently held that, where one is wrongfully injured and later dies, his estate through his administrator or executor may recover for pain or suffering endured by the person so injured. The administrator or executor

in maintaining such action acts in his official capacity for the benefit of the decedent's estate."

Some other similar decisions are: Stewart v. United Electric Light & Power Co., 104 Md. 332, 65 A. 49, 8 L. R. A., N. S., 384, 118 Am. St. Rep. 410; Koehler v. Waukesha Milk Co., 190 Wis. 52, 208 N.W. 901; Olivier v. Houghton County St. Ry. Co., 138 Mich. 242, 101 N.W. 530; Davis v. St. Louis, I. M. & So. Ry. Co., 53 Ark. 117, 13 S.W. 801, 7 L. R. A. 283; St. Louis, I. M. & So. Ry. Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160.

An annotation in 35 A. L. R.2d 1377 to 1393, entitled "Joinder of cause of action for pain and suffering of decedent with cause of action for wrongful death" lists many decisions involving similar statutes. Other decisions are listed in annotations in 34 L. R. A. 788 and in 8 L. R. A., N. S., 384.

The text in 15 Am. Jur. 511, Damages, section 101, states: "A general survival statute is ordinarily held to operate to transfer to the representative of the deceased the right which the deceased had to recover damages for his pain and suffering."

The author of the annotation entitled "Measure of damages for death in action for benefit of decedent's estate", 7 A. L. R. 1314, 1332, states: "By the great weight of authority, where the statute provides for the survival of a cause of action for wrongfully causing the death of a human being, the recovery to be in behalf of the testator's estate, the damages recoverable are such as the decedent himself might have recovered had he survived, and hence it includes any pain and suffering he endured because of the injury."

The annotation is supplemented by annotations in 26 A. L. R. 593, 599, and in 163 A. L. R. 259, 260.

Section 925, Restatement of the Law, Torts, considers various statutory provisions governing or affecting damages for wrongful death. Section 926 deals with damages for torts not causing death, where either party dies before or during trial. It states: "* * * if the defendant's act did not cause the death, or if suit is not brought for the death, the same elements of damage [as if the death had not occurred] are considered, but the amount of damage is crystallized by death at any time before trial. Damages for loss of earnings, pain, emotional disturbances and other harms are limited to those occurring before death."

▆▆▆▆▆▆▆    ▆▆▆▆▆

It is true the language of other statutes is not the same as that of the Iowa statutes and this may affect the result in some cases. However, decisions under such other survival statutes definitely establish that the rule of this court, which bars recovery for decedent's pain and suffering, is contrary to the majority rule.

Although Gardner v. Beck, 195 Iowa 62, 67, 189' N.W. 962, 964, does not pass upon the propositions here involved, some of the language of that case seems to accord with the majority rule. In comparing the Iowa statutes with wrongful-death acts the court there states:

"It will be seen from the foregoing that Lord Campbell's Act created a new cause of action for wrongful death alone, which accrued after the death of the decedent in favor of the administrator for the benefit of certain beneficiaries, and that it included no element of damages which had accrued to the decedent in his lifetime, and that it did not save from abatement the cause of action which had accrued to the decedent in his lifetime; whereas our statute causes a *survival* of the original cause of action accruing to the decedent in his lifetime, and enlarges the elements of damages so as to include wrongful death as a part thereof, and preserves the original action, unabated by the death of the injured party, and authorizes the administrator to pursue it to judgment."

We do not imply the Gardner decision, supra, is a departure from the rule enunciated by other decisions of this court. The quoted statement is merely part of a preliminary survey of the statutes themselves, apparently without considering prior decisions. This court has consistently followed its line of decisions which excludes decedent's pain and suffering, if any, as an element of damages in an action brought by the legal representative of his estate, for damages for the wrongful act which produced his death. As already pointed out there is no sound basis for this interpretation of the statutes and it is contrary to the weight of authority.

▆▆ ▆▆ Courts are properly slow to overrule a line of decisions, even though, as here, the change will affect no property

rights or interests. Moreover, there is a rule of statutory construction that when a statute has received a judicial construction and is substantially re-enacted, such construction may be regarded as having been adopted by the legislature. 50 Am. Jur., Statutes, section 443; 82 C.J.S., Statutes, section 370b(1). However, these matters do not constitute a bar to the correction by a court of its palpable errors. They are merely factors to be weighed in determining the advisability of such correction.

Consideration of these and other factors has resulted in the conclusion that the advantages which will result from correcting the erroneous rule of our former decisions outweigh the objections thereto.

Hence, we are constrained to hold decedent's pain and suffering, if any, should not be excluded as an element of damages in such actions. Such parts of any decisions of this court as do not accord with this holding are overruled. This results in a reversal of the order of the trial court, which stated any changes in the rule should be made by this court.—Reversed.

THOMPSON, C.J., and GARFIELD, HAYS, LARSON, PETERSON, SMITH, and WENNERSTRUM, JJ., concur.

BLISS, J., takes no part.