J. Robert **LEAHY,** Administrator of the Estate of Alvan Paul Leahy, Deceased, and J. Robert Leahy, Individually and Geraldine F. Leahy, Individually, Plaintiffs,

v.

James P. **MORGAN,** David Story and Paul Story, Defendants.

Civ. No. 67–C–504–EC.

United States District Court
N. D. Iowa, E. D.

Oct. 26, 1967.

LeRoy H. Redfern, Cedar Falls, Iowa, for plaintiffs.

Ray H. Johnson, Jr., Des Moines, Iowa, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants' Motion to Strike and Motion

to Dismiss filed May 18, 1967, and plaintiffs' resistance thereto.

The cause of action arose from a rear-end collision between a farm tractor driven by plaintiffs' decedent and a truck owned by defendant, Paul Story, leased to defendant, David Story, and operated by defendant James P. Morgan. The accident occurred on U. S. Highway No. 20 approximately one and one-half miles east of Raymond, Black Hawk County, Iowa, on June 22, 1966. The defendants are citizens of Alabama. Plaintiff J. Robert Leahy brings this suit as the administrator of the estate of his deceased son, having been so appointed by the District Court of Iowa, in and for Black Hawk County. In addition, plaintiff J. Robert Leahy and plaintiff Geraldine F. Leahy, decedent's mother, bring suit individually. Both plaintiffs are citizens of Iowa.

Defendants move to strike and dismiss certain portions of the Complaint which they contend refer to elements of damage not recoverable under Iowa law. The first of these is plaintiff administrator's prayer for exemplary damages. Prior to the case of Fitzgerald v. Hale, 247 Iowa 1194, 78 N.W.2d 509 (1956), the Iowa Supreme Court held that if the plaintiff died while the suit was pending, his administrators could recover exemplary damages under the Iowa survival of actions statute,[1] §§ 611.20–.22 Iowa Code of 1966.[2] However, if, as in the instant case, the injured party died before the action was commenced, his administrator could not be awarded exemplary damages. Boyle v. Bornholtz, 224 Iowa 90, 275 N.W. 479 (1937); Armbruster v. Chicago, R. I. & P. Ry., 166 Iowa 155, 147 N.W. 337 (1914). As late as 1951, in the case of DeMoss v. Walker, 242 Iowa 911, 48 N.W.2d 811 (1951), the court sustained this position, holding:

> "Such (survival and wrongful death) statutes are not punitive and they do not permit recovery on the mere proof of culpability of the defendant in a suit for wrongful or negligent death—unless the statute so states." Id. at 915, 48 N.W.2d at 813.

Then, in 1956, in the Fitzgerald case, the court reexamined its position as to the nature of §§ 611.20–.22, reversed its earlier view, and ruled that it was in agreement with a Pennsylvania decision which stated that:

> "[T]he act * * * clearly indicates that the actions thus commenced by executors or administrators are the same actions which their decedent might have commenced and prosecuted, and being the same actions they must, in the absence of legislative mandate to the contrary, be governed by the same measure of damages." 247 Iowa at 1199, 78 N.W.2d at 512, quoting from Pezzuli v. D'Ambrosia, 344 Pa. 643, 648, 26 A.2d 659, 661 (1942).

Thus it seems apparent that §§ 611.20–.22 is a true survival act, one which is intended to preserve those causes of action which existed at the time of the injured party's death. The public policy underlying exemplary damages is to punish the wrongdoer. Logic dictates that if a wrongdoer may be punished if his victim lives, then surely he should not escape retribution if his wrongful act causes a death.

Research has failed to disclose an Iowa case directly on point. However, in view of the foregoing and the reasoning of the Fitzgerald case, this court is of the view that if presented with the identical issue the Supreme Court of Iowa would construe §§ 611.20–.22 to include all the original causes of action of the administrator's decedent, regardless of whether the action is started before or after the death of the injured

---

[1]. Union Mill Co. v. Prenzler, 100 Iowa 540, 69 N.W. 876 (1897).

[2]. "All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."

party.[3] In its most recent pronouncement in this area, the Iowa Court strongly supported this position. The court stated:

"This court has previously held the provisions of chapter 611 should be liberally construed to permit substitution of the representative of a deceased litigant in his place, the object of section 611.22 being to render available to such representatives *all* the remedies to which the litigant, had he lived, might have resorted." Wendelin v. Russell, 147 N.W.2d 188, 191 (Iowa 1966).

Defendant also moves to strike that portion of plaintiffs' Complaint which claims as a measure of damages the "great mental pain and suffering" to the father, plaintiff J. Robert Leahy, and the loss of the "society, services, companionship and affection" of his minor child. In ruling on this part of defendants' motion it is necessary to separate these various elements for individual treatment.

Regarding mental pain and suffering, Iowa appears to be in the forefront of the move to allow recovery, on such a claim, particularly if the alleged injuries are the result of a wilful act. See Blakeley v. Estate of Shortal, 236 Iowa 787, 20 N.W. 28 (1945); Barnett v. Collection Service Co., 214 Iowa 1303, 242 N.W. 25 (1932); 18 Iowa L Rev. 366 (1932); 7 Drake L Rev. 53, 59–60 (1957).

Iowa Rule of Civil Procedure 8 clearly allows a father to recover for the loss of services of a minor child. Rule 8 reads as follows:

"A father, or if he be dead, imprisoned or has deserted the family, then the mother, may sue for the expense and actual loss of services resulting from injury to or death of a minor child."

There appears to be no clear Iowa stand on the issue of whether a parent may recover for loss of the society, companionship and affection of a minor child. However, a number of states do allow recovery on such a claim. See 14 A.L.R. 2d 485–543. This position is apparently the newer view. See 2 A.L.R.2d Later Case Service 144. As a result, the court is not moved at this time to dismiss this claim from the plaintiffs' cause of action.

The court is of a view that in this case Iowa Rule of Civil Procedure 8 precludes recovery by plaintiff Geraldine F. Leahy, the mother of the decedent, for any claim for loss of services of the minor child. However, Rule 8 should not be construed as limiting plaintiff Geraldine F. Leahy's other claims in any way.

There remains for consideration only plaintiff J. Robert Leahy's individual prayer for exemplary damages for the death of his son. The Iowa law is clear that the policy underlying punitive damages is to punish the wrongdoer and to deter others from similar actions. Sebastian v. Wood, 246 Iowa 94, 66 N.W.2d 841 (1954); Kuiken v. Garrett, 243 Iowa 785, 51 N.W.2d 149, (1952); 8 Drake L.Rev. 36 (1958). If, at the trial plaintiff's proof is such as to justify the submission of the issue of exemplary damages the policy underlying an award of such damages would seem to be adequately satisfied by allowing recovery by plaintiff J. Robert Leahy, administrator.

It is therefore

Ordered

1. Defendants' motion to strike paragraph 10, Count II of plaintiffs' Petition, filed May 18, 1967, is sustained.

2. Defendants' motion to dismiss the prayer for "loss of services" contained in Count III of plaintiffs' Petition, filed May 18, 1967, is sustained.

3. All other motions filed by defendants on May 18, 1967, are overruled.

---

3. "By the great weight of authority, where the statute provides for the survival of a cause of action for wrongfully causing the death of a human being, the recovery to be in behalf of the testator's estate, the damages recoverable are such as the decedent himself might have recovered had he survived * * *." 7 A.L.R. 1314, 1332.