In the Matter of the ESTATE OF Paul R. TALLY a/k/a Paul Rogers Tally a/k/a Paul Tally, Deceased.

The CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, Petitioner-Appellant,

v.

Anne TALLY, Personal Representative of the Estate of Paul R. Tally, Respondent-Appellee.

No. 81CA1235.

Colorado Court of Appeals, Div. III.

Oct. 28, 1982.

Clawson & Potter, P.C., Millen C. Clawson, H. Clifford Potter, Colorado Springs, for petitioner-appellant.

Roger M. Breyfogle, Canon City, for respondent-appellee.

KIRSHBAUM, Judge.

Petitioner, the Church of Jesus Christ of Latter Day Saints, appeals the trial court's order granting a motion filed by respondent, Anne Tally, to dismiss petitioner's motion to vacate. We affirm.

The following facts are undisputed. Decedent, Paul R. Tally, died on July 18, 1979. The next day a will executed by decedent and dated July 13, 1979, was lodged with the trial court. On July 23, 1979, another will bearing decedent's signature, dated April 22, 1974, was lodged with the trial court. Respondent subsequently filed a petition to probate the 1979 will, and on August 13, 1979, that will was admitted to probate and respondent was appointed personal representative of decedent's estate.

On August 11, 1980, petitioner filed a motion to vacate the August 13, 1979, order on the ground that the 1979 will was invalid. Although the motion referred to the 1974 will, the will itself was not attached thereto. The 1974 will was filed with the trial court on October 1, 1980.

Respondent subsequently moved to dismiss petitioner's motion to vacate. During the hearing on respondent's motion to dismiss, the trial court stated that petitioner apparently lacked standing to prosecute its motion to vacate because no will naming petitioner as beneficiary had ever been offered for probate. The trial court then permitted petitioner to file supplemental

authorities. On August 27, 1981, petitioner moved to amend its motion to vacate, and simultaneously filed a petition for probate of the 1974 will. The trial court subsequently granted respondent's pending motion to dismiss.

■ Petitioner first contends that the trial court was mistaken in not treating its August 11, 1980, motion to vacate as a petition for probate of the 1974 will. We disagree.

Section 15–12–402, C.R.S.1973, sets forth the matter which must be included in a petition for formal probate of a will. Once such a petition is filed, § 15–12–403, C.R.S. 1973 (1981 Cum.Supp.), prescribes the procedures which must be followed to give potential claimants notice of the pending proceedings.

None of the documents filed by petitioner prior to August 27, 1981, satisfy the requirements of § 15–12–402, C.R.S.1973. Furthermore, petitioner's motion to vacate did not satisfy the notice requirements of § 15–12–403, C.R.S.1973 (1981 Cum.Supp.). That section requires that notice be given to all interested parties, whether or not already participants in pending proceedings. The notice provided by petitioner's pleadings was limited to the parties already involved in the litigation. Hence, we conclude, as did the trial court, that petitioner's August 11, 1980, motion to vacate did not constitute a petition for probate of the 1974 will.

Petitioner next contends that the trial court erred in dismissing its August 11, 1980, motion to vacate because the August 27, 1981, petition for probate was filed "incident to" said motion, pursuant to § 15–12–410, C.R.S.1973. We again disagree.

Section 15–12–410, C.R.S.1973, states that:

"After a final order in a testacy proceeding has been entered, no petition for probate of any other instrument of the decedent may be entertained, except incident to a petition to vacate or modify a previous probate order *and subject to the time limits of section 15–12–412.*" (emphasis added)

Section 15–12–412(1)(c)(III), C.R.S.1973, requires the filing of a petition to vacate within "[t]welve months after the entry of the order sought to be vacated."

■ We agree with petitioner that, contrary to the trial court's conclusion, § 15–12–410, C.R.S.1973, does not require the filing of a proposed will on the same date as the filing of a motion to vacate. However, the statute does require that any subsequent *petition to probate* be filed no later than twelve months after the entry of the challenged order. We must give full force and effect to the clear language of the General Assembly. *See Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

■ Here, petitioner's petition to probate the 1974 will was filed over two years after the issuance of the order admitting the 1979 will to probate. Section 15–12–412(1)(c)(III), C.R.S.1973, is designed to encourage speedy resolution of probate proceedings, for the benefit of all heirs and beneficiaries. That purpose, as well as the clear language of the statute, would be frustrated by adoption of petitioner's argument that the filing of a motion to vacate within the twelve-month period is all that is required.

■ Petitioner also contends that its motion of August 27, 1981, to amend its August 11, 1980, motion to vacate should have been granted by the trial court, and, by virtue of C.R.C.P. 15(c), should have been deemed to relate back to the date upon which the motion to vacate was filed. However, the motion to amend was filed after the applicable statute of limitations had run. Thus, petitioner may not claim the benefits of the relation-back provisions of C.R.C.P. 15(c). *Dillingham v. Greeley Publishing Company* (Colo.App. # 81CA1289, Oct. 21, 1982).

The judgment is affirmed.

PIERCE and KELLY, JJ., concur.