**The CITY OF ASPEN, Colorado,
a Municipal Corporation,
Plaintiff–Appellee,**

**v.**

**Edward ARTES–ROY and Kristie Artes–
Roy, Defendants–Appellants.**

**Nos. 91CA0549, 91CA0812.**

Colorado Court of Appeals,
Div. A.

April 22, 1993.

Rehearing Denied May 27, 1993.

Myler, Stuller & Schwartz, Sandra M. Stuller, Aspen, for plaintiff-appellee.

Rita M. Farry, Denver, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

In these consolidated cases, defendants, Edward and Kristie Artes–Roy, appeal a temporary restraining order and a preliminary injunction entered in favor of the city

of Aspen enjoining them from undertaking additional construction at their residence and from violating a stop work order issued by the city. Because we conclude the defendants lack standing to bring this appeal, we dismiss for lack of jurisdiction.

Two days after the issuance of the preliminary injunction and prior to filing the notice of appeal, the defendants sold the property which is the subject of this litigation to Reinhard P. Mueller. The Roy Family Trust took back a deed of trust on the property to secure payment of a loan to Mueller. Mueller is not a party to this appeal.

■ Pursuant to C.A.R. 1(a)(3), a party may appeal an order granting a temporary injunction. However, to do so, the party must have standing, by which is meant that the party must have alleged an injury in fact and that injury must be to a legally protected or cognizable interest. *Board of County Commissioners v. Bowen/Edwards Associates, Inc.,* 830 P.2d 1045 (Colo.1992). As lack of standing is a jurisdictional issue, it may be raised at any stage of the proceedings, including on appeal. *Bennett v. Board of Trustees,* 782 P.2d 1214 (Colo.App.1989).

■ The right of appeal of a matter follows the property interest. Thus, a party who, after judgment, conveys all his interest in the subject matter of the litigation loses his right to appeal. *See In re Various Water Rights in Lake DeSmet Reservoir,* 623 P.2d 764 (Wyo.1981). *See also People v. French,* 762 P.2d 1369 (Colo. 1988).

Here, the defendants transferred to Mueller all their interest in the property which was the subject of the temporary injunction. There is no indication that the defendants reserved the right to pursue this appeal or that Mueller assigned the right to the appeal to them. *See Olmstead v. Allstate Insurance Co.,* 320 F.Supp. 1076 (D.Colo.1971). They are not seeking to intervene as interested parties in a suit brought by Mueller, *see O'Hara Group Denver, Ltd. v. Marcor Housing Systems, Inc.,* 197 Colo. 530, 595 P.2d 679 (1979);

C.R.C.P. 24(a), nor are they substituted parties pursuant to C.A.R. 43.

■ Additionally, under Colorado's lien theory of mortgage law, *see* § 38–35–117, C.R.S. (1982 Repl.Vol. 16A), even if the defendants, as beneficiaries of the family trust, have status as mortgagee of the conveyed property, this gives them only a security interest in the amount of the mortgage debt and not a property interest sufficient to give them standing to appeal. *See In re Various Water Rights in Lake DeSmet Reservoir, supra; see also Bigelow v. Nottingham,* 833 P.2d 764 (Colo.App.1991).

Having transferred their property interest, the defendants are thus not harmed by the injunction, and consequently, no longer have standing to pursue this appeal. *County Commissioners v. Bowen/Edwards Associates, Inc., supra.*

We are advised by counsel that a contempt citation has issued for alleged violations of the order entered in this case. The views expressed herein are without prejudice to the standing of the defendants to challenge again the validity of the underlying order should proceedings be instituted regarding the contempt citation.

Appeal dismissed.

NEY and RULAND, JJ., concur.