Connie ESPINOSA and Michael Miranda, Plaintiffs–Appellants,

v.

Wilmer PEREZ, M.D. and Parkview Medical Center, Inc., a Colorado nonprofit corporation, d/b/a Parkview Medical Center, Defendants–Appellees.

No. 04CA1939.

Colorado Court of Appeals, Div. II.

Nov. 16, 2006.

Rehearing Denied March 8, 2007.

Certiorari Denied Aug. 27, 2007.

Walter L. Gerash Law Firm, P.C., Walter L. Gerash, James F. Scherer, Denver, Colorado, for Plaintiffs–Appellants.

Montgomery Little & McGrew, P.C., Richard L. Murray, Jr., Patrick T. O'Rourke, Kari M. Hershey, Greenwood Village, Colorado, for Defendant–Appellee Wilmer Perez, M.D.

Dickinson, Prud'Homme, Adams & Ingram, LLP, Gilbert A. Dickinson, Molly P. Tighe, Denver, Colorado, for Defendant–Appellee Parkview Medical Center, Inc.

Opinion by Judge ROY.

Plaintiff, Connie Espinosa (the mother), appeals the trial court's judgment dismissing her complaint against defendants, Wilmer Perez, M.D. (the physician) and Parkview Medical Center, Inc. (the hospital), pursuant to C.R.C.P. 12(b)(5) and awarding attorney fees to defendants. We affirm.

Elbert Espinosa (the decedent), the mother's adult son, entered the hospital through its emergency room, complaining of abdominal pains, vomiting, and diarrhea. He was diagnosed with acute pancreatitis, gastritis, erosive esophagitis, thrombocytopenia, and hypokalemia, all resulting from a perforated colon. Three days later, the decedent, likely suffering from a medication-induced altered mental state, asked to be discharged from the hospital. The physician, who was covering for the decedent's treating physician, issued an order permitting the decedent to discharge himself against medical advice. The decedent discharged himself and died the next day.

Almost two years later, the mother filed suit against both the hospital and the physician under Colorado's Wrongful Death Act (the Act), § 13–21–201, et seq., C.R.S.2006. Shortly before trial, the physician and the hospital filed motions to dismiss pursuant to C.R.C.P. 12(b)(5) and for an award of attorney fees, asserting that the mother lacked standing because the decedent was survived by a biological son, Michael Miranda (the son). In support of this assertion, defendants submitted an affidavit by the son's mother stating that she had heard the decedent refer to the son as his own child at family gatherings. In addition, defendants submitted the obituaries of the mother's husband and the decedent, in which the son was listed as the husband's grandchild and the decedent's son.

Shortly after filing the motion to dismiss, the son assigned one-half of his claim to the mother. She then filed a motion to amend her complaint under C.R.C.P. 15 to add the son as a plaintiff. For her part, the mother contends that, before his death, the decedent had indicated that the son was not his biological child.

Relying on C.R.C.P. 12, the trial court granted defendants' motion to dismiss and denied the mother's motion to amend. The trial court concluded that allowing the amendment would necessitate a continuance of the trial; would cause significant delay in the proceedings because, inter alia, the measure of damages for the son's claim differed substantially from the mother's claim; and,

would prejudice defendants. The trial court concluded that the mother did not have standing to bring a wrongful death claim at the outset; the son was the real party in interest; and, the proposed amendment to the complaint would not relate back to the date of filing, in which event the son's claim was barred by the applicable statute of limitations. The trial court also granted defendants' motions for attorney fees. This appeal followed.

## I.

■ We first address the mother's assertion that the trial court erred in concluding that she lacked standing to pursue the wrongful death action. We disagree.

Colorado's Wrongful Death Act provides that if there is no surviving spouse, a decedent's heirs may maintain a wrongful death claim. Section 13–21–201(1)(a)(IV), C.R.S. 2006. "Heir," as used in the Act, refers to "lineal descendants of the deceased," and does not include parents of a deceased who is survived by a child. *Whitenhill v. Kaiser Permanente*, 940 P.2d 1129 (Colo.App.1997). A parent may only bring suit under the Act if the decedent is "an unmarried adult without descendants." Section 13–21–201(1)(c)(I), C.R.S.2006. As such, a decedent's parent may not bring suit under the Act if the decedent is survived by a child.

Thus, given the existence of the son, the mother was not a party in interest and therefore lacked standing to bring suit under the Act.

## II.

■ We next address the mother's argument that the son's assignment of one-half of his wrongful death claim to her gave her standing to bring the action. We disagree.

■ The requirement that a plaintiff have standing to sue "ensures that the jurisdiction of the courts is exercised only when an actual case or controversy exists." *People ex rel. Simpson v. Highland Irrigation Co.*, 893 P.2d 122, 127 (Colo.1995). Standing is a jurisdictional prerequisite to every case. *See Adams v. Neoplan U.S.A. Corp.*, 881 P.2d

373 (Colo.App.1993); *City of Aspen v. Artes–Roy,* 855 P.2d 22 (Colo.App.1993); *see also* *O'Bryant v. Pub. Utils. Comm'n,* 778 P.2d 648 (Colo.1989) (standing is a threshold issue).

▪ A plaintiff's lack of standing may be cured by an assignment of the claim. *Miller v. Accelerated Bureau of Collections, Inc.,* 932 P.2d 824 (Colo.App.1996). The issue, therefore, becomes whether a wrongful death claim is assignable. We conclude that it is not.

At common law, only property claims were assignable because they survived death. *Mumford v. Wright,* 12 Colo.App. 214, 55 P. 744 (1898), *disapproved of in part by Publix Cab. Co. v. Colo. Nat'l Bank,* 139 Colo. 205, 338 P.2d 702 (1959). Personal injury claims were not assignable. *See Harleysville Mut. Ins. Co. v. Lea,* 2 Ariz.App. 538, 410 P.2d 495 (1966).

The capacity to sue a tortfeasor for a person's death is a creature of statute. There are two types of statutes governing claims arising from tortious deaths: survival statutes and wrongful death statutes.

Survival statutes preserve the decedent's claim against the tortfeasor. Hence, the damages are those suffered by the decedent; the decedent's estate is the entity to bring the claim; and, either the estate or designated relatives are the beneficiaries. *See generally* A.R.S. § 14–3110; *Harleysville Mut. Ins. Co. v. Lea, supra.* With respect to these statutes, the claim and the proceeds may be separately owned and may be subject to separate assignment under separate rules of assignability. *See* Andrea G. Nadel, Annotation, *Assignability of Proceeds of Claim for Personal Injury or Death,* 33 A.L.R.4th 82 § 3[a]-[b] (1984) (most courts hold that while wrongful death claims may not be assigned, the proceeds may be assigned after they come into existence; other courts hold neither is assignable).

On the other hand, wrongful death statutes create a cause of action in favor of designated persons, typically family members, and the damages are those suffered by the claimant arising out of the death, not the damages suffered by the deceased. With respect to these statutes, the same individual owns both the claim and the proceeds. *See* § 13–21–201.

Some jurisdictions permit the assignment of wrongful death claims. These jurisdictions, unlike Colorado, have statutes permitting the assignment. *See Baker & Conrad v. Chicago Heights Constr. Co.,* 364 Ill. 386, 4 N.E.2d 953 (1936); *Flynn v. Chicago Great W. R.R.,* 159 Iowa 571, 141 N.W. 401 (1913), *overruled in part by Fitzgerald v. Hale,* 247 Iowa 1194, 78 N.W.2d 509 (1956); *City of Shreveport v. Sw. Gas & Elec. Co.,* 140 La. 1078, 74 So. 559 (1917); *see also* R.D. Hursh, Annotation, *Assignability of Claim for Personal Injury or Death,* 40 A.L.R.2d 500 § 9[c] (1955).

Jurisdictions like Colorado whose statutes are silent concerning the assignability of wrongful death actions, and which have addressed the question, have concluded that "an individual who, under the applicable wrongful death statute, is authorized to bring an action to recover for a death may not assign to another his right to prosecute such action." *Coleman Powermate, Inc. v. Rheem Mfg. Co.,* 880 So.2d 329, 334 (Miss.2004) (quoting Hursh, *supra,* § 9[b], at 514); *see also Liberty Mut. Ins. Co. v. Lockwood Greene Eng'rs, Inc.,* 273 Ala. 403, 140 So.2d 821 (1962); *Mayo v. White,* 178 Cal.App.3d 1083, 224 Cal.Rptr. 373 (1986); *Clar v. Dade County,* 116 So.2d 34 (Fla.Dist.Ct.App.1959); *Forsthove v. Hardware Dealers Mut. Fire Ins. Co.,* 416 S.W.2d 208 (Mo.Ct.App.1967); *Spradlin v. Dairyland Ins. Co.,* 263 Neb. 688, 641 N.W.2d 634 (2002); *Rorvik v. N. Pac. Lumber Co.,* 99 Or. 58, 190 P. 331 (1920), *overruled on other grounds by Hansen v. Hayes,* 175 Or. 358, 154 P.2d 202 (1944); *Marsh v. W. N.Y. & Pa. Ry.,* 204 Pa. 229, 53 A. 1001 (1903); *Lowe v. Employers Cas. Co.,* 479 S.W.2d 383 (Tex.Civ.App.1972); *see also* Hursh, *supra,* § 9[c].

▪ These jurisdictions have reasoned that claims arising under wrongful death statutes are not assignable because (1) the statute vests the right of recovery solely in the person named in the statute; (2) the personal and close relationship between the decedent and the beneficiaries precludes assignment; and (3) permitting assignment of a wrongful death claim would increase the

risks associated with maintenance and champerty.

Colorado vests the right of recovery solely in the person named in the statute, *see Kling v. Phayer,* 130 Colo. 158, 274 P.2d 97 (1954), and strongly disfavors maintenance and champerty, *see Roberts v. Holland & Hart,* 857 P.2d 492 (Colo.App.1993). Thus, we conclude, with almost unanimous agreement from other jurisdictions, that a claim arising under the Act cannot be assigned.

Accordingly, the son's assignment of his claim to the mother was ineffective because the claim was not assignable. Therefore, the trial court properly concluded, though on different grounds, that the assignment did not confer standing on the mother.

### III.

The mother also contends that the trial court erred in denying her motion to amend the complaint to add the son as a party to this action and give the amendment retroactive effect to the filing of the action. We disagree.

C.R.C.P. 15(a) controls when "[a] party" may amend the pleadings. This rule encourages trial courts to look favorably upon motions to amend and reflects a liberal policy toward timely amendments to pleadings. Grounds for denying a motion to amend include undue delay, bad faith, dilatory motives, repeated failure to cure deficiencies in the pleadings by prior amendments, undue prejudice to the opposing party, and futility of amendment. *Benton v. Adams,* 56 P.3d 81 (Colo.2002).

Although pleadings usually may be freely amended, the addition of new parties is governed by C.R.C.P. 15(c) and is more restrictive so that the purpose of a statute of limitations is not defeated. C.R.C.P. 15(c) requires, in relevant part:

An amendment changing the party against whom a claim is asserted relates back if ... *within the period provided by law* for commencing the action against him, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

(Emphasis added.) While C.R.C.P. 15(c) does not expressly refer to an amendment that adds a party plaintiff, such an amendment must also meet this rule's criteria to relate back to an earlier pleading. *Ebrahimi v. E.F. Hutton & Co.,* 794 P.2d 1015 (Colo. App.1989).

It is only if the addition or change in the identity of the plaintiff constitutes a mere change in the plaintiff's capacity or status, or if it consists of the substitution of a real party in interest to a previously asserted claim commenced by a real party in interest, that such an amendment may be deemed to relate back for statute of limitation purposes. *Ebrahimi v. E.F. Hutton & Co., supra.* For example, a complaint may be amended past the applicable statute of limitations where the originally named plaintiff was a pseudonym for the actual plaintiff. *Doe v. Heitler,* 26 P.3d 539 (Colo.App.2001). By contrast, the filing of an amendment naming a new party plaintiff is not a mere change in the plaintiff's capacity or status.

There is a "longstanding and clear rule ... that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" *Pressroom Unions–Printers League Income Sec. Fund v. Cont'l Assurance Co.,* 700 F.2d 889, 893 (2d Cir. 1983) (quoting *Pianta v. H.M. Reich Co.,* 77 F.2d 888, 890 (2d Cir.1935)); *see also Jaffree v. Wallace,* 837 F.2d 1461, 1466 (11th Cir. 1988) ("Since there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint." (quoting *Summit Office Park, Inc. v. United States Steel Corp.,* 639 F.2d 1278, 1282 (5th Cir.1981))); *Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 774 (5th Cir.1986) ("[I]f [the plaintiff] did not have the ability to bring the suit in federal court, it could not amend.").

Thus, a motion to amend filed after the applicable statute of limitations has run cannot claim the benefits of the relation-back provisions of C.R.C.P. 15(c) where the party

initiating the action did not have standing at the time the action was commenced. *See In re Estate of Tally*, 654 P.2d 866 (Colo.App. 1982).

In addition, as previously described, when the original plaintiff does not have standing, the court does not have jurisdiction, and thus C.R.C.P. 21 is inapplicable as there is no action. C.R.C.P. 21 cannot be used retroactively to obtain standing when the plaintiff initiating the suit did not have standing. C.R.C.P. 21 states, in relevant part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of *the action* and on such terms as are just" (emphasis added). Here, the mother lacked standing, so there is no justiciable controversy and hence no basis for the court's exercise of jurisdiction. Therefore, the trial court properly denied the motion to amend the complaint.

## IV.

█ Finally, the mother contends that the trial court erred in awarding attorney fees to defendants. We disagree.

Where an action brought under the Act is dismissed on motion of the defendant prior to trial under C.R.C.P. 12(b), the defendant shall have judgment for reasonable attorney fees in defending the action. Section 13–17–201, C.R.S.2006.

The trial court's order regarding the award of attorney fees does not appear in the record. We therefore must presume that the record supports the trial court's conclusions. *See Colo. Dep't of Pub. Health & Env't v. Bethell*, 60 P.3d 779 (Colo.App.2002). Further, a review of the record indicates that both parties became aware of the existence of the son at an early stage of the proceedings. Therefore, the trial court properly took that fact into account in determining reasonable attorney fees awardable to defendants.

The judgment is affirmed.

Judge ROTHENBERG and Judge HAWTHORNE concur.