# Andrew Ellicott, Jr., *vs.* Daniel Lamborne.

A plaintiff, the owner of a paper mill, set forth in the second count of his declaration as the gravamen of his complaint, that earth, sand and other substances were washed into his mill-dam, and so filled and choked said dam as to make it, in a great degree, useless to him *in the working of his*

*mill.* HELD, that under this count he could not offer evidence to prove that he could not *wash his rags*, because the stream was rendered impure and muddy by the earth and clay deposited in and upon its margin, and that by reason of such impurity of the water he was prevented from making *white paper*.

In order to prevent a surprise upon the defendant, the plaintiff must specify particularly in his declaration, all damages which are not the *necessary* consequences of the act complained of, and which are therefore not implied by law.

Damages that do not *necessarily* result from the main fact alleged, though they may be the natural and even probable effect of it, are regarded as special damages, and as such must be set out in the declaration.

Manufacturing of paper is one thing, and the preparation of the materials is another distinct process, and evidence showing damage as resulting from the interruption of the latter process is not proper and legal, unless the fact is expressly averred in the declaration.

The inability of the plaintiff to wash his rags and make white paper, cannot be regarded as the necessary and inseparable consequences of the washing of the earth into and filling up of the dam, and he cannot therefore recover for those particular injuries under the present declaration.

The fact that the plaintiff owned a paper mill, operated by water from the dam in question, does not necessarily suggest the additional facts that he made *white paper* in his mill, and that the rags for the same *were washed* from the water in said dam.

THIS is an appeal from the court of Howard district of Anne Arundel county, in an action on the case brought by the appellee, in whose favor a verdict was found.

During the trial, the plaintiff offered to prove by a competent witness, that he could not wash the rags used by him in making paper in his mill, in consequence of the impure and muddy state of the water in the stream, and which was caused by the earth and clay deposited on the margin and in said stream, and that great injury resulted to him therefrom, the plaintiff being prevented during all the time from making white paper. To the admissibility of this evidence the defendant objected, upon the ground that of any such wrong the plaintiff in the count in his declaration on which he relied, and which will be found in the opinion of MASON, J., below, did not complain. The court, however, admitted the testimony, and an exception was taken thereto.

This case was argued before LE GRAND, C. J., TUCK and MASON, J.

By *McMahon* for appellant, and *Donaldson* for appellee.

On the part of the appellant it was insisted, that no evidence of other damage is admissible, than that arising from the filling and choking of the pond, and that as the impurity of the water was not a necessary consequence of that, the evidence objected to should not have been admitted.

The plaintiff is a paper manufacturer, and offered to prove a damage of which he did not complain in his declaration. But the party is to state the injury for which he claims damages. 1 *Chit. Plead.*, 266, 267, 268, 285, as to the certainty in a declaration. Certainty to a common intent, *Chit.*, 232, 233, 266, 395.

Implied damages need not be stated. 1 *Chit.*, 439, 441. If the damages do not arise from the act complained of, it must be stated in his declaration. 2 *Green. Ev.*, sec. 254. 8 *Barr.*, 481.

On the part of the appellee it was contended, that the inducement in the declaration states that the appellee had a right to the flow of the stream, therein mentioned, in its natural purity. The impurity of the water was a necessary consequence of the filling and choking the pond; that there was no need of a more particular allegation than that made. There was averment sufficient to warrant the introduction of the testimony, to which the appellant excepted. Authorities cited, 237, 238 of *Chitty's Pleading, Ed. of 1844.* Also pp. 391, 392.

MASON, J., delivered the opinion of the court.

This is an action on the case instituted by the appellee, an owner of a paper mill, against the appellant. The ground of the plaintiff's action is fully set out in his declaration, as follows:

The second count in the declaration alleges, that the de-

fendant, "whilst the said plaintiff was so possessed of his said last mentioned mill and premises, with the appurtenances aforesaid, and so carried on his said trade and business therein, to wit, on the 1st day of October, in the year 1845, and on divers other days and times between that day and the day of the impetration of the original writ of the said plaintiff against the said defendant in this cause, to wit, at the district aforesaid, wrongfully and injuriously deposited, and caused to be deposited in, upon and along the said last mentioned stream, above the said last mentioned mill and premises, great quantities of earth, clay, sand and other substances, being the refuse and spoil of certain ore banks, worked by the said defendant, and his partners or agents, in the neighborhood of said last mentioned stream, thereby raising in and upon the edges of the said last mentioned stream very high banks of such earth, clay, sand and other substances, which banks have been and are constantly washed by said last mentioned stream, and also worn by the falling of the rain, whereby great quantities of said earth, sand and other substances, *have been and are carried down said last mentioned stream into the mill-dam of the said plaintiff*, attached to the said last mentioned mill, and have filled and choked, and do fill and choke the said dam, in such a manner as to make said dam, in a great degree, useless to the said plaintiff, in the working of his said last mentioned mill, and the said plaintiff thereby and because said dam was so filled and choked, could not, during all or any part of that time, use his said last mentioned mill and premises, or follow on and exercise his said trade or business there, in so large, extensive and beneficial a manner as he might and otherwise would have done, but was thereby, during all that time, deprived of the use and enjoyment of his said last mentioned mill and premises, and of all the benefits, profits, gains and advantages, which he otherwise might and would have made by carrying on his trade and business therein." The defendant pleaded the general issue, "not guilty."

In support of this count the plaintiff proved, that the mill was carried on by him as a paper mill; that the paper there

manufactured was made of rags, which rags were washed before they could be made into paper; that the defendant deposited earth and clay upon the margin of the stream and in it, and that the mill pond was filled and choked up by the washings of said stream from said earth and clay, whereby the quantity of water for the use of the mill was lessened; and that the rags were washed by water introduced into the mill from the pond.

The plaintiff then further offered to prove that he could not wash said rags, because the water of the stream was rendered impure and muddy by the earth and clay deposited in and upon the margin of the stream.

That large damage resulted to him because he could not wash the rags, on account of the said impurity of the water, and that he was thus deprived of the ability to make *white paper*.

To which further evidence so offered the defendant objected, but the court suffered said testimony to go to the jury, to prove the issue joined on the part of the plaintiff on the second count.

The omission of the court to reject the testimony which related to the inability of the plaintiff to *wash his rags*, whereby he was prevented from making *white paper*, constitutes the ground of the present appeal.

It will be observed that the *gravamen* of the plaintiff's complaint, as set forth in his declaration, is, *that earth, sand and other substances were washed into his mill-dam, and so filled and choked said dam as to make it, in a great degree, useless to the said plaintiff in the working of his mill.*

Now, what is the clear import of this language? It is that the machinery of the mill was retarded by means of the obstructions in the dam, whereby the plaintiff was prevented from manufacturing paper with the same facility which otherwise he might have done. *Manufacturing paper* is one thing, while the preparation of the materials is another distinct process. In this instance the plaintiff avers that he was interfered with, while *working his mill*, which means while manufacturing paper, and under this averment he seeks to show in

Ellicott *vs.* Lamborne.

evidence that he was also prevented from preparing his materials to be used in said mill. Regarding the two as distinct and independent propositions, we do not think the evidence relating to the latter would be proper and legal, unless the fact had been expressly averred in the declaration.

In order to prevent a surprise upon the defendant, the plaintiff must specify particularly in his declaration all damages which are not the *necessary* consequences of the act complained of, and which are therefore not implied by law. Damages that do not *necessarily* result from the main fact alleged, though they might be the natural and even probable effect of it, are regarded as special damages, and as such must be set out in the declaration.

Unless, therefore, the inability of the plaintiff *to wash his rags and make white paper*, were the necessary and inseparable consequences of the act complained of in his declaration, to wit, the washing of the earth into, and filling up of the dam, he cannot recover for those particular injuries.

It is clear, that those results might *or might not* have flowed from the acts complained of, and therefore they cannot be regarded as the necessary and inseparable consequences of those acts, so as to be proved under the present declaration. The mere facts that the plaintiff owned a paper mill, and that said mill was operated by means of the water from the dam in question, do not necessarily suggest the additional facts that he made *white paper* in his mill, and that the rags for the same *were washed* from the water in said dam.

<em>Judgment reversed and procedendo awarded.</em>

Tuck, J., dissented.