# HARRY C. WEILLER

## *vs.*

# CHARLES WEISS.

*Photographs: X-rays; verification; examination of photographer. Damages: pleading; general and special injuries; evidence. Horses: injury to—; damages. Juries: evidence; must not speculate.*

Photographs are admissible for the purpose of explaining and applying evidence; whether the photographs are sufficiently verified, or are sufficiently instructive, is a preliminary question for the trial court; and its decision is not to be reviewed unless its discretion was used in an arbitrary manner.      p. 464

In general, damages that do not *necessarily* result from the main fact alleged, are regarded as *special* damages, even though they might be its natural and probable effect, and, as such, must be set out in the declaration.                              pp. 464-465

But this rule has been relaxed in Maryland, as to damages for personal injuries and in other cases; and in such suits it is not necessary to declare specially any matters which are the legal and natural consequences of the injury inflicted.      p. 466

But the plaintiff must show affirmatively that the injury complained of was the result of the wrong inflicted.      p. 467

Failure of such proof connecting the accident and the injurious effect, must be raised by exception, by a motion to strike out the testimony, or by the prayers, and can not be first raised in the Court of Appeals.                              p. 467

A jury must have before it some evidence, upon which to base its deliberations, and can not be allowed to merely conjecture or speculate.                                                        p. 467

An action was brought for damages to a valuable racing mare, caused by the negligence of the defendant in running into her with an automobile; the declaration stated that by such conduct of the defendant, etc., she was seriously and permanently injured about her body and legs, etc.; against the objection of the defendant, evidence was admitted to show that since the accident, the mare, formerly gentle and easily driven, had become so wild and easily frightened, and so nervous, as to be useless as a racer; *held*, that as such condition was one of the natural results of such an injury to a racer, such evidence was admissible, even though it had not been specially set out in the declaration.                                          p. 467

*Decided January 12th, 1915.*

Appeal from the Baltimore City Court.   (Soper, C. J.)

A valuable racing mare, belonging to the appellee, was hitched to a sulky, in charge of a careful and competent driver, and was being driven at a walk, upon the extreme right-hand side of the road to the racing track.   The automobile of the defendant coming in the opposite direction, on the wrong side of the road, came into collision with the mare and sulky, breaking the sulky and injuring the mare.   A suit for damages resulted in a verdict for $1,000, and the defendant appealed.

The cause was argued before Boyd, C. J., Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Robert Biggs,* for the appellant.

*A. Herman Siskind* (with whom was *Harry E. Scherf* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This is an appeal from a judgment, in which substantial damages were recovered, for injuries sustained by the appellee's horse, by reason of a collision between the automobile of the appellant and the said horse.

There were eight exceptions taken to the rulings of the Court below, and they all relate to the admissibility of testamony; the prayers offered by each party were granted by the Court, and no exceptions reserved thereto.

For the settlement of the points made, it is not necessary to set out fully the facts, as disclosed in the record. The mare of the appellee was five years old at the time of the accident, July 17th, 1912, and had been owned by him since she was a year old. She had been trained for racing purposes, and was eligible for the 2.24 class. She had been raced a number of times during the season of 1911, in both amateur and professional races; winning all her races in amateur classes and being second once in the professional classes. For her first start in 1912, she was entered in a race to be held at Gentlemen's Driving Park, Baltimore, July 18th, and was shipped, by boat, from Annapolis for Baltimore on the day previous, in charge of a hostler. After arriving in Baltimore, and while being driven to the race track, the injury complained of occurred. Because of the injuries sustained, she was not started in the race of July 18th, and was returned to her stable in Anne Arundel County. She was raced later in the same season, but with no success.

The main question to be determined arises out of the averments of the declaration, so we will set out in full the only count therein.

"For that by the negligence of the defendant, as well as his agents and servants, acting on his behalf, in operating an automobile on the 17th day of July, in the year nineteen hundred and twelve, on Park Heights Avenue, Baltimore County, Maryland, this plaintiff suffered great loss by severe injuries to a valuable racing mare, which mare was lawfully on the highway

and being driven with due care and caution, without
any fault of the plaintiff or his agent contributing
thereto, and caused to be seriously and permanently
injured about her body and limbs by the negligent
conduct of the defendant, his agents and servants in
running said automobile into said mare and knock-
ing her down, and further destroying the vehicle to
which the said mare was hitched, as well as the harness
by which she was hitched to the said vehicle, and the
said injuries to the valuable racing mare are perma-
nent."

The first exception has reference to the introduction, in
evidence, of a photograph of the mare, taken before the acci-
dent.   The records shows that the purpose for which it was
used, was to show, by illustration, to the jury just where the
wounds on the body were.   The admissibility of photographs,
for the purpose of explaining and applying the evidence, is
fully recognized by our decisions.   *Consolidated Gas Co.* v.
*Smith,* 109 Md. 186.   Whether it is sufficiently verified or
is instructive, are preliminary questions for the Court, and
will not be reviewed, unless the discretion is exercised in an
arbitrary manner.   *Consolidated Gas Co.* v. *Smith, supra;*
*Maryland Electric Co.* v. *Beasley,* 117 Md. 270.   In our
opinion, there was no abuse of the discretion.

Each of the seven remaining exceptions presents precisely
the same point of law, and accordingly will be considered by
us as one.   The appellee produced, over the objections of the
appellant, testimony tending to show, that, before the acci-
dent, the mare was level headed, quite fearless of objects, a
bold racer and easy to handle, but that since, she was highly
excitable and nervous, easily frightened, timid in her racing,
and valueless as a race horse because of that condition.   Five
witnesses testified to that condition, including the daughter of
the appellee, who testified that before the accident, the mare
was gentle and not afraid of anything, and that she had
been in the habit of driving her, but that since the accident.

she had not been able to drive her, because she frightened at everything, and was not safe to drive. We have not thought it necessary to set out all, or any, of the questions and answers, for it is only to the substance that the appellants objects. His objections is, that, under the averment of the *narr.* no testimony tending to prove damages of this character, was admissible. It is urged that as the declaration did not allege injury to the nervous system, as one of the consequences of the accident that, therefore, no testimony is admissible to show that as an element of damage. The ground, of course, is not that, under a proper averment in the *narr.* the appellee could not recover for such injuries if they were the proximate and natural results of the injury, but that in the absence of such a claim, the appellant was taken by surprise in his defense.

The rule, which here is sought to be invoked, is thus stated in *Sutherland on Damages* (3rd Edition), Vol. 2. sec. 418; "Under a general allegation of damage, the plaintiff may prove those damages which naturally and necessarily result from the act complained of; for the law implies that they will proceed from it. These are called general, as contradictinguished from special, damages which are the natural but not the necessary consequences." And section 419: "Special damages are required to be stated in the declaration for notice to the defendant and to prevent surprise at the trial." It was under this rule that in *Ellicott* v. *Lamborne,* 2 Md. 131, that this Court, under a count alleging that earth, sand and other substances were washed into his mill dam, and so filled and choked the dam as to make it useless to him in the working of his mill, it was held that, the plaintiff could not offer evidence to prove that he could not wash his rags, because the stream was rendered impure and muddy by the earth and sand deposited, and that by reason of such impurity of the water, he was prevented from making white paper. The Court said: "Damages that do not necessarily result from the main fact alleged, though they might be the natural and even probable effect of it, are regarded as special damages,

and such must be set out in the declaration." On this principle, the appellant contends that since the only injury complained of in the *narr.* is, "caused to be seriously and permanently injured about her body and limbs," no proof of other damage was admissible which might or might not have flowed from the injury to the body and limbs.

Whilst it is true, that this rule is still in effect in Maryland, so far as some actions are concerned, the rule has been very much relaxed in actions for damages for personal injuries. This being the language of this Court in *Baltimore City Passenger Railway Co.* v. *Baer,* 90 Md. 97. The rule adopted by this Court, and sustained by authority, is, that in suits for personal injuries, it is not necessary to state specially any matters which are the legal and natural consequences of the injury inflicted. That is the rule adopted in *Sloan* v. *Edwards,* 61 Md. 89, which was a suit growing out of an assault and battery. The declaration charged, "that the defendant assaulted, and then and there beat, bruised, wounded and ill treated the plaintiff, insomuch that his life was thereby greatly despaired of, and other wrongs did, to the great damage, etc." The plaintiff endeavored to show that, as a result of the battery, he had became subject to convulsions or fits. It was objected to on the same ground as the objection here raised, but this Court held, speaking through CHIEF JUDGE ALVEY, that such proof was admissible, and that it was not necessary to state specially matters that were the legal and natural consequences of the injury. The appellant, while conceding this case, contends that only in assault and battery cases is the rule relaxed. We see no reason for relaxing the rule more in cases growing out of assaults than in other personal injury cases. And that such is not the situation in this State, we call attention to the following cases, none of which was an assault case: *Kemp* v. *Balto. Pass. Ry. Co.,* 61 Md. 89; *Hussey* v. *Ryan,* 64 Md. 436; *Balto. Pass. Ry. Co.* v. *Baer,* 90 Md. 97. In the *Kemp case,* the plaintiff was allowed to show a cancer had developed, without any

charge in the declaration. In the *Hussey case,* it was held proper to offer evidence that epilepsy had developed under the averment that the plaintiff was "cut, bruised, wounded and permanently injured." The case of *Sealey* v. *Met. Ry. Co.,* 78 N. Y. App. Div. 530, relied upon by the appellant, is in direct conflict with the case of *Balto. Pass. Ry. Co.* v. *Baer, supra;* and no doubt many others can be cited in conflict with our decisions, but since this Court has liberalized the effect of the rule, we see no reason to return to its strict enforcement.

The declaration apprised the defendant that the injured animal was valuable because a racing mare, and it is a matter of common knowledge that horses once hurt, or badly frightened, by automobiles, are almost invariably rendered useless for driving purposes, and it should readily suggest itself to one's mind that one of the natural results to a racer would be his diminution in value, because having been struck by an automobile.

Another objection raised here, as to the admissibility of this testimony, is the alleged lack of proof showing the causal connection between the accident and the injurious effects. Of course, if a Court is satisfied that this connection is not supplied by the proof, a motion made to strike out the testimony, should be granted; or it could be provided for in the prayers. For the plaintiff must show affirmatively the injury complained of is the result of the wrong inflicted. This is sometimes to be inferred from the facts, for there may be no way of establishing it, but at others it must be established as any other fact; for a jury will not be permitted to merely conjecture and speculate. In the present case, the appellant failed to raise the point by proper exception, and it is not open to review by this Court, and we will therefore express no opinion upon the question.

*Judgment affirmed, with costs to the appellee.*