### ALEXANDER v. JONES et al.
#### No. 123.

District Court, E. D. Oklahoma.
Oct. 19, 1939.

Bohanon & Adams, of Oklahoma City, Okl., for plaintiff.

Ray S. Fellows, Charles R. Fellows, Ramsey, Martin & Logan, Donald Campbell, Victor C. Mieher, R. Y. Stevenson, and Harry D. Page, all of Tulsa, Okl., for defendants.

RICE, District Judge.

Plaintiff is a resident of Oklahoma. Two of the defendants are non-resident corporations and one is a domestic corporation. In his petition filed in the state court plaintiff designates two separate causes of action. In the first he seeks a joint recovery against the three defendants in the sum of $65,500. The allegations are that the three defendants were the owners and operators of a certain oil and gas lease. Plaintiff's injury occurred in the operation of a power driven pump used in connection with the operation of the lease. The negligence charged against the defendants is that they failed to use proper precautions and safeguards for the protection of persons in the use and operation of the pump. He seeks in the first cause of action $40,000 for loss of his left hand, $15,000 embarrassment, humiliation, etc., $10,000 for pain and suffering, and $500 for hospital and medical expenses, or a total of $65,500. In his second cause of action plaintiff relies upon the same negli-

gence as is mentioned in his first ·cause of action, but makes the further allegation that the negligence of the defendants and each of them was gross and evidenced a reckless disregard for life and amounted to wanton and malicious recklessness. He then prays for punitive or exemplary damages in the sum of $25,000 against the defendants and each of them.

The two non-resident corporation defendants filed petition for removal to this court on the sole ground that the alleged cause of action for punitive or exemplary damages is a separable controversy. They admit that the cause of action for actual damages is joint and not removable, but they contend that the nature of punitive damages is such that there can be no joint liability in the absence of allegations of a conspiracy to willfully and maliciously injure. It is necessary, therefore, to consider the nature of the alleged cause of action for punitive damages and its relation to the cause of action for actual damages.

In Oklahoma the right to exemplary or punitive damages is allowed by statute as follows: "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant." Sec. 9962, O.S.1931, Title 23 Okl.St.Ann. § 9. Under this statute the Oklahoma Supreme Court permits punitive damages for gross negligence amounting to a reckless disregard of another's rights. Firebaugh v. Gunther, 106 Okl. 131, 233 P. 460; Aaronson v. Peyton, 110 Okl. 114, 236 P. 586.

The Supreme Court of Oklahoma follows the general rule that in the absence of a recovery for actual damages no recovery for exemplary damages is allowed. Lilly v. St. Louis & S. F. R. Co., 31 Okl. 521, 122 P. 502, 39 L.R.A.,N.S., 663; Western Union Tel. Co. v. Garrett, 59 Okl. 50, 158 P. 619.

Exemplary or punitive damages need not be pleaded as a separate cause of action but may be recovered under the general claim for damages when the proof warrants. Acton v. Culbertson, 38 Okl. 280, 132 P. 812. This is also the general rule. 17 C.J. 1005, § 309.

The three defendants are corporations and must, therefore, act through agents. In Oklahoma the master is liable in punitive damages for the act of servants the same as for actual damages, and it is not necessary that the master participate in the wrong or ratify the conduct of the servant or agent. Holmes v. Chadwell, 169 Okl. 191, 36 P.2d 499; Schuman et al. v. Chatman, 184 Okl. 224, 86 P.2d 615.

Before there is a separable controversy, as that term is understood, "There must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit properly might have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other." Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 174, 27 L.Ed. 131. The controversy referred to in the above quotation must be more than a mere collateral or incidental dispute between the parties. City of Bellaire v. Baltimore & Ohio R. Co., 146 U.S. 117, 13 S.Ct. 16, 36 L.Ed. 910; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528.

Tested by the above definition of a separable controversy and by the law of Oklahoma in regard to punitive damages, can it be said that the petition of the plaintiff filed herein presents a separable controversy which entitles the removing defendants to a trial in this court? We think not and, in our opinion, there are two reasons why this cause can not be removed from the state court. The first is that the plaintiff in his petition has elected to sue the defendants jointly for both actual and punitive damages. The second is that punitive damages are collateral and incidental to the claim for actual damages.

The fact that the plaintiff in his petition has attempted to state two causes of action based upon a tort charged to have been committed by the defendants is not conclusive that he has two separate causes of action. In view of the fact that exemplary damages can only be recovered in connection with actual damages and may be recovered under a general claim for damages without pleading as a separate cause of action, it may be doubted that plaintiff in fact has more than one cause of action. Certainly it would have been good pleading had he continued in his first cause of action to charge that the acts of the defendants were gross negligence and evidenced a total disregard for the rights

of others and asked in addition to the $65,500 the sum of $25,000 as punitive damages, and have concluded with a prayer for judgment against the defendants in a total sum of $90,500.

 At least the plaintiff is attempting to proceed against the defendants jointly for punitive damages. He seeks a joint judgment against them including punitive damages based upon joint negligence which he says was so gross as to amount to oppression. He is not seeking a separate judgment against each of the defendants for the $25,000 punitive damages. Perhaps he might have sought a separate judgment against each, but it is sufficient to say that he did not. The test of removability is the case made by the plaintiff in his pleadings, not the one that he might or could have made. No suggestion is made of a fraudulent joinder. So far as the record discloses the plaintiff in good faith conceives his cause of action joint as to both actual and punitive damages. There is no separable controversy under the circumstances. See Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147.

It is conceivable that different issues may be presented by the different defendants on the question of punitive damages, but this fact does not create or give rise to a separable controversy.

Punitive damages alone can not be made the basis of a cause of action. The statute of Oklahoma does not attempt to give a cause of action for punitive damages. It only allows such damages to be recovered in a suit for actual damages. We think this clearly makes the question of punitive damages incidental or collateral to the demand for actual damages. In Schippel v. Norton, 38 Kan. 567, 16 P. 804, quoted with approval in Western Union Telegraph Co. v. Garrett, 59 Okl. 50, 158 P. 619, 621, it was said that punitive damages "can never constitute the basis of a cause of action. They are never more than incidents to some action for real and substantial damages suffered by the plaintiff * * *." There seem to be but few decisions from the Federal courts on the question here under consideration. As to the nature of punitive damages and supporting the theory that they are incidental and collateral to the claim for actual damages the plaintiff cites the case of Boehne v. Southwestern Bell Tel. Co.,

D.C.Tex., 10 F.Supp. 788. The attorneys for the defendants have cited no case to the contrary.

The motion to remand is sustained and the cause is remanded to the state court from whence it was removed.