**GATEWAY BOTTLING, INC.**

v.

**DAD'S ROOTBEER COMPANY.**

Civ. A. No. 70–839.

United States District Court,
W. D. Pennsylvania.

Nov. 15, 1971.

C. William Berger, Pittsburgh, Pa, for plaintiff.

John K. Tabor, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER DENYING MOTIONS OF PLAINTIFF TO STRIKE DEFENSES AND DISMISS COUNTERCLAIMS

KNOX, District Judge.

We have previously in this case allowed the defendant to amend its answer to interpose additional defenses and also a counterclaim for additional damages. The action is a suit brought by plaintiff, Gateway Bottling, Inc., franchisee of the defendant, Dad's Rootbeer Company, for wrongful termination of its franchise and for various violations of the antitrust laws. We allowed the motion to amend without prejudice to plaintiff's rights to file motions with respect to the amendment and counterclaim in due course after the same had been filed.

Plaintiff thereupon filed a Motion to Strike under the provisions of Rule 12(f) of the Federal Rules of Civil Procedure.[1] Plaintiff also moved to dismiss the added counterclaim based upon the same facts as the amended defenses. We, therefore, have to consider whether these amendments constitute insufficient defenses or whether they contain "immaterial, impertinent or scandalous matter" and the same is true of the counterclaim.

The gist of the amendments is that on April 3, 1970, pursuant to prior agreement between the plaintiff and its officers, directors and stockholders, plaintiff's chief financial officer, general manager, treasurer, director and a major stockholder was arrested in connection with an attempt to burn the plant in which plaintiff's bottling facilities were located in order to collect insurance thereon, the charge being attempting to defraud an insurer (18 Purdon's Pa. Statutes §§ 4906, 4908). It is further alleged that on March 8, 1971, this individual having been indicted on these charges, pleaded guilty to the charge of attempting to defraud an insurer and was sentenced. It is claimed that the attempts to burn the bottling plant amounted to a violation of the franchise and also that this constituted a breach of the covenant in the franchise energetically and continuously to push and attempt to increase the sales of the franchise and its product in the territory, and that these actions damaged the reputation and sale of Dad's beverages in Gateway's territory thus resulting in the increase in the counterclaim.

It is noted that the contract (Exhibit A, attached to the complaint) provides that it is governed by the law of Illinois. However, we have not been cited to any

[1]. "Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Illinois cases which would affect the situation. Provision is made for cancellation for failure to perform under the franchise agreement. The agreement further provides that the licensor (defendant herein) shall give the bottler (plaintiff herein) 30 days written notice stating the nature and character of the violations before cancellation becomes effective. It is further provided that failure to notify of any violation shall not constitute a waiver of such violation and that the foregoing provisions are in addition to licensor's right to damages resulting from any violation, default or breach of the agreement.

Defendant sent plaintiff a notice on April 27, 1970, advising that plaintiff was in default under various provisions of the contract including provision C-2 relative to the keeping, maintaining and operating a modern bottling plant and C-3 requiring the franchisee vigorously and continuously to push and attempt to increase the sale of Dad's throughout the territory. Nothing was said at this time relative to the charges against plaintiff's manager. However, defendant's explanation is that at that time he was only under charges, had not yet been convicted or pleaded guilty and it would have been improper to insert such matters into the pleading at that time and that as soon as he pleaded guilty and was sentenced, the amendments were filed.

On May 29, 1970, a second notice (Exhibit C, attached to the complaint) advised plaintiff that they had not cured the default set forth in the notice of April 29, 1970, and, therefore, the contract was cancelled.

■ It is our opinion that the Motion to Strike the Defenses as insufficient must be denied, and that the same cannot at this time be determined to be insufficient, impertinent or scandalous.

It is not clear that defendant would have had to plead these matters concerning the attempt to burn the buildings in order to offer them into evidence. These facts might have been presented as part of defendant's case as bearing upon plaintiff's conduct and the claim that plaintiff was not vigorously and continuously pushing and attempting to increase the sales of Dad's Rootbeer in the territory. It could very properly be argued that a person who is attempting to burn down his bottling plant evidences an intent not to give his best efforts to increase sales of the product. In any event, we cannot fault defendant for not pleading these matters specifically and delaying to plead them until after there had been a plea of guilty.

■ Plaintiff claims that these items of misconduct were not set forth in detail in the notice of default being the notice of April 27, 1970. The notice did, however, allege a default under paragraph C-3 of the agreement relative to pushing and attempting to increase sales and it is our holding that this misconduct would be admissible to show this default. We are not cited to any case whether under Illinois law or elsewhere determining how specific a notice must be under such circumstances and we, therefore, hold that this evidence could be shown under this notice of default.

■ Plaintiff further argues that this type of conduct could not be cured within 30 days. It is true that once the attempt to burn the buildings occurred, followed by the arrest and guilty plea, these particular items could not be cured. "The moving finger writes and having writ moves on." But the contract does not require that all defaults be of the type that could be cured in 30 days. For instance, had the manager succeeded in burning down the bottling plant, this could certainly be a violation of clause C-2 since it is probable that a new plant could not be erected and put into operation in 30 days. Therefore, this default could not have been cured but nevertheless it certainly would have been grounds for terminating the contract.

The arrest of the manager was not the only important fact as respects this suit but the fact that his arrest plus the publicity which followed plus his guilt would probably have a chilling effect upon sales and defendant would be entitled to set this forth as a grounds for cancellation as well as a basis for further damages as set up in the counterclaim. Whether the corporation in this case was guilty of complicity with the officer and manager and whether it is visited with knowledge of these acts are matters of evidence for the trial and there are no grounds for excluding them from the pleadings.

The above discussion also disposes of the Motion to Strike upon the basis of the material being impertinent and/or scandalous. It is true that motions of this type are not favored. If the material pleaded fairly presents a question of law or fact which the court ought to hear, it may not be stricken as impertinent. See 2A Moore's Federal Practice, Paragraph 12.21; Burke v. Mesta Machinery Co., 5 F.R.D. 134 (W. D.Pa.1946); Gleason v. Chain Service Restaurant, 300 F.Supp. 1241 (D.C.N.Y. 1969).

With respect to the complaint that the material is scandalous, the question is again whether it asserts a valid and good faith defense to plaintiff's claim. To strike material as scandalous it must be obviously false and unrelated to the subject matter of the action. Pessin v. Keeneland Assn., 45 F. R.D. 10 (E.D.Ky.1968). Hoffman Motors v. Alfa Romeo, 244 F.Supp. 70 (D. C.N.Y.1965). The facts here may be unpleasant for plaintiff to have on the record and they certainly contain charges of reprehensible conduct but the same is true of many facts of life which are entitled to be pleaded as relevant to a cause of action or a defense. Such, for example, are the facts concerning a divorce for adultery. These may be scandalous and annoying and prejudicial to the accused party but plaintiff or defendant is certainly entitled to plead them. They would, however, have no place ordinarily in an automobile accident case and in such case would be stricken as scandalous.

For the above reasons, the Motions to Strike the Defenses contained in the amendment to defendant's answer and to Dismiss the Counterclaim must be denied.