**Kenneth L. WHITE, Administrator of the Estate of Kathryn White, Deceased, Plaintiff,**

v.

**B. K. TRUCKING COMPANY, INC., a Texas corporation, and Adrian Earl Breeze, Defendants.**

**Civ. No. 73-678-D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Jan. 7, 1974.

Funston Flanagan, Walters, Okl., for plaintiff.

Robert L. Huckaby, Oklahoma City, Okl., for defendants.

ORDER

DAUGHERTY, Chief Judge.

Upon consideration of the Motion For Summary Judgment filed in the above case by the Defendants, Plaintiff's opposition thereto and the briefs filed by the parties to such Motion, the Court finds that said Motion should be sustained as to Plaintiff's claim or cause of action for punitive damages by reason of wrongful death (funeral expenses).[1] The

1. Mathies v. Kittrell, 354 P.2d 413 (Okl.1960) provides:

"... *Funeral expenses accrue from and after the death and are properly a part* of the damages to be recovered in a wrongful death action."

Motion should be denied, however, as to punitive damages under Plaintiff's survival action (property damage). Leahy v. Morgan, 275 F.Supp. 424 (Iowa 1967); Atlas Properties, Inc. v. Didich, 226 So. 2d 684 (Fla.1969).

 Plaintiff has improperly joined two separate causes of action in his first cause of action. See St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185 (1914). Proper pleading would have set out Plaintiff's survival action under 12 Oklahoma Statutes § 1051 as one cause of action and Plaintiff's wrongful death action under 12 Oklahoma Statutes § 1053 as a second cause of action. The Court is satisfied, and Plaintiff appears to admit, that punitive damages are not recoverable with reference to Plaintiff's wrongful death action. See Crossett v. Andrews, 277 P.2d 117 (Okl.1954) and Mathies v. Kittrell, 350 P.2d 951 (Okl.1960). However, Oklahoma appears not to have ruled on whether punitive damages are recoverable with reference to a survival cause of action. Other courts, *Leahy* and *Atlas, supra,* have held that punitive damages are recoverable in connection with a survival cause of action. No cases to the contrary have been brought to the Court's attention. Defendant's argument that in an instantaneous death situation as opposed to a delayed death situation exemplary damages should not be recoverable is not persuasive and is deemed to be lacking in logic in view of the punitive purpose of exemplary damages. See Leahy v. Morgan, *supra.* The Court is of the opinion that the Oklahoma Supreme Court would follow the Iowa and Florida rulings, *supra.*

Defendants are therefore entitled to Summary Judgment against Plaintiff recovering punitive damages in his wrongful death action but Defendants are denied Summary Judgment against Plaintiff recovering punitive damages in his survival action. The improper pleading situation present in this case will be corrected at the forthcoming pretrial conference.