Bobbie L. SMITH, Appellant,

v.

WAREHOUSE MARKET, INC., an Oklahoma Corporation, Appellee.

No. 51955.

Supreme Court of Oklahoma.

Sept. 26, 1978.

Rehearing Denied Nov. 20, 1978.

Jack D. Crews, Ash, Shamas & Crews, Tulsa, for appellant.

Best, Sharp, Thomas & Glass, Robert L. Battoglia, Tulsa, for appellee.

WILLIAMS, Justice.

This is a petition for certiorari for the review of a certified interlocutory order, filed by plaintiff in the trial court. It presents a limitations question.

Plaintiff was allegedly injured on August 19, 1975, when she slipped and fell in a puddle of water on the floor near the meat counter in defendant's place of business. She alleged that defendant was negligent in failure to maintain safe premises for paying customers, in failure to warn, and in allowing a dangerous and latent condition to exist "when the Defendant knew or should have known the existence of said condition in the exercise of due diligence." She asked for actual damages, which she itemized, in the total amount of $63,000.

On September 15, 1977, after the two year limitation for tort actions had run, plaintiff filed an amendment to the petition. The petition, as amended, without changing the allegation of facts and without changing the specific grounds of negligence relied upon for recovery, added an allegation that the defendant "acted in reckless and gross disregard for the rights of the Plaintiff and acted in grossly negligent manner". The claim for one item of actual damages was reduced by $10,000, but a prayer for punitive damages in the amount of $20,000 was added, making the total claim for damages under the petition as amended $73,000.

Defendant then filed a special demurrer and motion to strike upon the ground that the claim for punitive damages was barred by limitations. The demurrer and motion were sustained by order entered on January 21, 1978, which was then certified for interlocutory review under Part II(b), Rules of Appellate Procedure in Civil Cases.

No holding by this Court on the precise question presented is cited, and our own research has disclosed none. However, for reasons to be set out below, we hold that the claim for punitive damages was not barred by limitations.

Under 23 O.S.1971, Sec. 9, "In any action for breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant". Under this statute it is well settled that before punitive damages may be awarded, actual damages must be shown. *Davidson v. First State Bank and*

Trust Co., Okl., 559 P.2d 1228. In *Alexander v. Jones*, 29 F.Supp. 690, in a case applying Oklahoma law, the federal district court said at page 693:

"Punitive damages alone can not be made the basis of a cause of action. The statute of Oklahoma does not attempt to give a cause of action for punitive damages. It only allows such damages to be recovered in a suit for actual damages. We think this clearly makes the question of punitive damages incidental or collateral to the demand for actual damages. * * * "

Neither *Davison* nor *Alexander*, supra, involved a limitations question. However, in *Masterson v. George F. Alger Company*, Ohio App., 143 N.E.2d 749, the following language of the Ohio Supreme Court in *Cohen v. Bucey*, 158 Ohio St. 159, 107 N.E.2d 333, is quoted:

"An amendment of a petition alleging negligent injury of the plaintiff by the defendant by adding thereto allegations characterizing such injury as wilful or intentional does not have the effect of stating an additional cause of action, such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action, *and such amendment relates back to the time when the action was commenced.*" (Emphasis added.)

In *Western Union Telegraph Co. v. Garrett*, Okl., 59 Okl. 50, 158 P. 619, this Court quoted with approval the following language of the Kansas Supreme Court in *Schippel v. Norton*, 38 Kan. 567, 16 P. 804:

"Exemplary damages can never constitute the basis of a cause of action. They are never more than incidents to some action for real and substantial damages suffered by the plaintiff * * *. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all. * * * "

■ The fact that in an amendment which is otherwise properly filed even though the applicable period of limitations has expired, the total amount claimed for damages is increased, does not raise the defense of limitations. See *Pace v. Massey*, Okl., 186 Okl. 703, 100 P.2d 440; *Minick v. Rhoades Oil Company*, Okl., 533 P.2d 598.

■ Since (1) in this state a claim for punitive damages cannot be a separate and independent cause of action, but is only incidental or collateral to the claim for actual damages, and (2) the fact, standing alone, that the total amount claimed for damages was increased does not raise the defense of limitations, we hold that the amendment under consideration in the case now before us "relates back to the time when the action was commenced" and is not barred by limitations.

The order sustaining the special demurrer and motion to strike is therefore reversed and the cause is remanded to the trial court for such further proceedings as may be required.

LAVENDER, V. C. J., and IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., dissents.