**Tennie L. GILBREATH, Individually as Surviving Widow of, and as Administratrix of the Estate of Edward B. Gilbreath, Deceased, and Western Casualty and Surety Company, a Kansas corporation, Plaintiffs,**

v.

**PHILLIPS PETROLEUM COMPANY, a foreign corporation, Defendant.**

No. CIV–78–1356–D.

United States District Court,
W. D. Oklahoma.

Nov. 14, 1980.

Charles D. Watson, Drumright, Okl., and Allan H. Stocker, Bartlesville, Okl., for plaintiff Gilbreath.

Joseph R. Roberts, Tulsa, Okl., for plaintiff Western Casualty.

Galen E. Ward and Gary R. Proctor, Oklahoma City, Okl., and L. K. Smith, Edwin S. Hurst, and J. Schaad Titus, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action to recover for the wrongful death of Plaintiff Tennie L. Gilbreath's (Gilbreath) husband caused from burns he allegedly received when the ditching machine he was operating struck Defendant's pressurized natural gas pipeline resulting in an explosion and fire. Plaintiff Western Casualty and Surety Company (Western) was made a party plaintiff to this action on motion of the Defendant as Western has paid worker's compensation benefits to Plaintiff Gilbreath and is thereby subrogated to all or part of Plaintiff Gilbreath's claim against Defendant pursuant to 85 Okl.Stat.Supp. 1979 § 44(a). It is

asserted that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy.

Plaintiff Gilbreath has filed herein, by leave of the Court, her "Third Amended Complaint." Defendant has responded by way of answer and a Motion to Strike paragraphs 12 and 10(c) of said Third Amended Complaint, pursuant to Rule 12(f), Federal Rules of Civil Procedure. Said Motion is supported by Briefs. Plaintiffs have filed a response Brief in opposition to the Motion.

 Rule 12(f),[1] *supra*, provides that the Court may order stricken from any pleading any redundant or immaterial matter. However, motions to strike are not favored and are strictly construed. *Vinita Broadcasting Co. v. Colby*, 320 F.Supp. 902 (N.D.Okl.1971).[2] Any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading. *Hanley v. Volpe*, 305 F.Supp. 977 (D.C.Wis.1969).

Defendant contends that Plaintiff Gilbreath's request for punitive damages should be stricken as such damages are not recoverable under Oklahoma law in a survivor action of this kind and Plaintiff's allegation of Defendant's failure to take special precautions should be stricken as no such duty exists under the laws of Oklahoma.

Punitive damages are allowable in Oklahoma under 23 Okl.Stat. 1971 § 9 which provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

This Court has previously ruled that punitive damages are recoverable in a survival action under 12 Okl.Stat. 1971 § 1051. *White v. B. K. Trucking Company, Inc.*, 371 F.Supp. 578 (W.D.Okl.1974). Defendant has requested that this Court reconsider its holding in the *White* case.

The thrust of Defendant's contention in asking this Court to reconsider the holding in the *White* case is that recovery of punitive damages is not specifically authorized under either the Oklahoma survival statute, 12 Okl.Stat. 1971 § 1051,[3] or permitted under the common law. Therefore, Defendant asserts such damages would not survive the death of Plaintiff's decedent and thus are not recoverable in the instant action.

 The Oklahoma survival statute speaks only to survival of causes of action and not to elements of recoverable damages. *See* 12 Okl.Stat.1971 § 1051. The law of Oklahoma is clear that a claim for punitive damages does not constitute a separate and independent cause of action, but is only incidental or collateral to a claim for actual damages. *See Alexander v. Jones,*

---

1. This Rule provides in full:

 "*Motion to Strike.* Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

2. *Accord, Hauer v. Bankers Trust New York Corp.*, 425 F.Supp. 796 (E.D.Wis.1977); *Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615 (D.Del.1976); *Naton v. Bank of California*, 72 F.R.D. 550 (N.D.Cal.1976); *Lunsford v. United States*, 418 F.Supp. 1045 (D.S.C.1976); *Narragansett Tribe of Indians v. Southern Rhode Island Land Development Corp.*, 418 F.Supp. 798 (D.R.I.1976); *Vernon J. Rockler & Co. v.*

*Minneapolis Shareholders Co.*, 69 F.R.D. 1 (D.Minn.1975); *United States v. Articles of Food ... Clover Club Potato Chips ...*, 67 F.R.D. 419 (D.Idaho 1975); *Coca-Cola Co. v. Howard Johnson Co.*, 386 F.Supp. 330 (N.D.Ga. 1974); *Systems Corp. v. American Telephone & Telegraph Co.*, 60 F.R.D. 692 (S.D.N.Y.1973); *Gilbert v. Eli Lilly & Co.*, 56 F.R.D. 116 (D.P.R. 1972); *Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, 53 F.R.D. 585 (W.D.Pa.1971).

3. 12 Okl.Stat.1971 § 1051 provides:

 "In addition to the causes of action which survive at common law, causes of action for mesne profits, or for injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

**660**

29 F.Supp. 690 (E.D.Okl.1939); *Smith v. Warehouse Market, Inc.*, 586 P.2d 724 (Okl. 1978); *Moyer v. Cordell*, 204 Okl. 255, 228 P.2d 645 (1951). Punitive damages may be recovered under a general claim for damages for an actionable wrong when the proof warrants the same. *See Alexander v. Jones, supra; Moyer v. Cordell, supra.* Punitive damages therefore need not be specifically authorized by the survival statute to survive in Oklahoma as such damages do not constitute a cause of action but are only an element of the damages recoverable in a cause of action when the proof warrants such recovery. *See generally Alexander v. Jones, supra; Smith v. Warehouse Market, Inc., supra; Moyer v. Cordell, supra.* Punitive damages may be recovered if the proof warrants in an action for personal injury such as the instant action. 23 Okl.Stat. 1971 § 9. Personal injury actions survive under Oklahoma's survival statute. 12 Okl. Stat.1971 § 1051. Therefore, punitive damages would be recoverable in the instant action by Plaintiff if the proof warranted the same. *See White v. B. K. Trucking, Inc., supra.*

Defendant secondly contends that the Court should strike Plaintiff's allegations concerning Defendant's failure to take special precautions.

 Oklahoma law requires that a party exercise ordinary care commensurate with the danger of the commodity involved. *Phillips Petroleum Company v. Price*, 298 P.2d 772 (Okl.1956). The quantum or amount of care or the precautions to be observed and the safeguards to be used will vary with the facts and circumstances of each particular case, and such questions rest with the jury under proper instructions from the court. *Phillips Petroleum Company v. Price, supra.* The Court will follow the above case in its instructions to the jury.

In view of the foregoing, it appears to the Court that Defendant has not made a clear showing that the material in Plaintiff's Third Amended Complaint it wishes stricken should be stricken at this time. Accordingly, Defendant's Motion to Strike should be overruled.