668 A.2d 958

**Robert SCOTT**

v.

**Terry Napoleon JENKINS.**

**No. 1896, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Dec. 27, 1995.

Jay H. Creech, Upper Marlboro, for Appellant.

No Brief or Appearance by Appellee's Counsel.

Argued before BISHOP and ALPERT *, JJ., and JOHN J. GARRITY, Judge (retired) Specially Assigned.

BISHOP, Judge.

Appellee, Terry Napoleon Jenkins, filed a lawsuit against appellant, Robert Scott, in the Circuit Court for Prince George's County asserting claims of assault, battery, false arrest, false imprisonment, slander, and intentional infliction of emotional distress. A jury found Scott liable for battery

---

\* Judge Alpert participated in the argument and decision in this case, but retired from the Court prior to the filing of this opinion.

and false arrest and awarded Jenkins $150 in compensatory damages and $1,000 in punitive damages. Scott noted a timely appeal to this court.

## I.  ISSUE

Scott raises a single issue on appeal, which we rephrase: Did the trial court err when it instructed the jury on punitive damages even though appellee failed to ask for punitive damages in his complaint?

## II.  FACTS

Jenkins divided his complaint into five sections, each of which alleged facts giving rise to a different cause of action. At the conclusion of each section, he demanded "damages in the amount of $500,000," "costs plus interest," and "such other and further relief as the court may deem just and proper." At the close of the evidence, the court, at the request of Jenkins and over the timely objection of Scott, instructed the jury that it could award punitive damages to Jenkins if it found that Scott's behavior was sufficiently outrageous. The jury's verdict, which included an award of $150 in compensatory damages and $1,000 in punitive damages, was subsequently entered by the trial judge.

## III.  DISCUSSION

Scott contends that the trial court erred in instructing the jury on punitive damages because Jenkins failed to ask for them in his complaint. We disagree.

Maryland Rules 2–303(b) and 2–305 are applicable to the disposition of the case *sub judice*. Rule 2–303(b) requires that "[a] pleading . . . contain only such statements of fact as may be necessary to show the pleader's entitlement to relief or ground of defense." Rule 2–305 provides that "[a] pleading that sets forth a claim for relief . . . shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for relief sought."

The purpose of the pleading rules is to ensure "that parties ... may be mutually apprised of the matters in controversy between them." *Pearce v. Watkins,* 68 Md. 534, 538, 13 A. 376 (1888) (citations omitted). A party will be allowed to proceed on a claim only if his complaint adequately meets this goal of providing notice to the other side. *See Smith v. Shiℓbeck,* 180 Md. 412, 420, 24 A.2d 795 (1942) (holding that plaintiffs could proceed with their suit for an injunction against defendant's fence-building activities because complaint alleged sufficient facts to "apprise the defendant of the nature of the claim brought against him."); *Fischer v. Longest,* 99 Md.App. 368, 380, 637 A.2d 517 (1994) (holding that appellant could not proceed with his malpractice suit because pleadings did not adequately apprise appellant "of the nature of the complaint he [was] required to answer and defend.") (citations omitted).

At the very least, a party seeking punitive damages must allege facts in his complaint which show that the defendant acted with "actual malice." *See Heinze v. Murphy,* 180 Md. 423, 430–31, 24 A.2d 917 (1942) (holding that punitive damages may be awarded "if the injury has been inflicted maliciously or wantonly, and with circumstances of ... indignity"; also holding that such malice "must be actual, not constructive or implied."). Actual malice is defined as "conduct characterized by evil motive, intent to injure, ill will, or fraud." *Owens–Illinois v. Zenobia,* 325 Md. 420, 460, 601 A.2d 633 (1992).

In the case *sub judice,* the complaint alleged that Scott placed his finger in Jenkins's nostril, that Scott was verbally abusive to Jenkins, that Scott beat Jenkins, and that Jenkins acted with due care at all times and did nothing to provoke such abusive behavior. Therefore, although the complaint did not specifically mention the word "malice," it did allege sufficient facts to support a punitive damages claim.

Scott, however, argues that he was not on notice that Jenkins would be seeking punitive damages at trial because Jenkins never specifically mentioned punitive damages in his

complaint. Given that Jenkins did ask for "such other and further relief as the court may deem just and proper," we do not agree.

■ Instructive on this point are cases involving the ability of a plaintiff to obtain foreseeable consequential damages. The rule in Maryland is that, where the law would impute certain damages as the natural, necessary, and logical consequence of the acts of the defendant, such damages need not be specifically requested in the complaint; instead, they may be recovered under a claim for damages generally. *See Nicholson v. Blanchette*, 239 Md. 168, 180–81, 210 A.2d 732, 738–39 (1965); *Weiller v. Weiss*, 124 Md. 461, 466–67, 92 A. 1028 (1915). The reason for the rule is that the allegations in the plaintiff's complaint, when coupled with a general request for damages, are deemed sufficient to put a defendant on notice that such damages will be sought at trial.

■ Many courts have adopted a similar rule in the punitive damages context. They hold that, as long as the facts alleged in the complaint are sufficient to support a punitive damages claim, such damages need not be specifically requested; instead, they may also be recovered under a general damage claim. *See Alexander v. Jones*, 29 F.Supp. 690, 692 (1939); *Eatley v. Mayer*, 9 N.J.Misc. 918, 154 A. 10, 11 (1931); *Hall v. Browning*, 195 Ga. 423, 24 S.E.2d 392, 398 (1943); *Harrington v. Hadden*, 69 Idaho 22, 202 P.2d 236, 237 (1949); *Turner v. Whittel*, 2 Cal.App.2d 585, 38 P.2d 835, 837 (1934). *See also* 25 C.J.S. *Damages* § 133 (1966). The rationale for this rule is the same as the rationale for the consequential damages rule: when allegations sufficient to support a punitive damages claim are coupled with a general request for damages, a defendant has adequate notice that the plaintiff may seek such damages at trial.

We agree with this rule, and therefore adopt it in the case *sub judice.* Because Jenkins alleged sufficient facts in his complaint to support a punitive damages claim, and because Jenkins's complaint contained a request for "such other and further relief as the court may deem just and proper," we hold

that Scott was notified adequately of Jenkins's intent to seek punitive damages at trial. Accordingly, it was not error for the circuit court to give the jury a punitive damages instruction.

We do not intend to hold that a failure to request specifically punitive damages should be a generally accepted practice, and this opinion is not intended to encourage pleadings that do not include an express request for punitive damages.

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**